# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2809

_____

Osker McNeal,     *
    *
        Appellant,     *
    *    Appeal from the United States
      v.     *    District Court for the Eastern
    *    District of Missouri.
United States of America,     *
    *
        Appellee.     *

_____

Submitted:  November 17, 2000

Filed:  May 3, 2001

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Osker McNeal appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his conviction for using or carrying a firearm during and in relation to a drug trafficking offense, in violation of  18 U.S.C. § 924(c).  McNeal challenged his firearm conviction based on Bailey v. United States, 516 U.S. 137, 143 (1995), a case in which the Supreme Court held that "use" of a firearm must connote more than "mere possession," and requires "active employment" of a weapon.  The

district court[1] found that the claim was procedurally barred and that McNeal has shown neither cause and prejudice nor actual innocence in his effort to overcome the default. We affirm.

## I.    BACKGROUND

In February 1992, the St. Louis Metropolitan Police received a tip from a confidential informant that a person matching McNeal's description was selling crack cocaine at a residence. Police officers investigated the information and put the home under surveillance. They observed numerous people approach the residence and knock on the door. They also observed a person matching McNeal's description answer the door. The officers then obtained a warrant to search the premises. As the police officers entered the residence through the back door, they saw McNeal sitting at a kitchen table holding a large bag and several smaller bags of cocaine base. They observed drug paraphernalia, money, and a loaded .32 caliber handgun lying on the table. They also found a .22 caliber Marlin rifle next to McNeal and a shotgun was found in a first floor bedroom. Numerous other people were present in the house, but only McNeal was arrested.

McNeal was indicted for possession with intent to distribute the cocaine base and using or carrying a firearm during the offense. He entered a plea of guilty to both counts. At the plea hearing, McNeal explicitly agreed with the prosecutor's statements that he had been found sitting at a kitchen table on which approximately 73 grams of crack cocaine (in one large and several small baggies), drug paraphernalia, money, and a handgun were placed. The Presentence Investigation Report, to which McNeal entered no objection, stated similar facts.

---

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

McNeal was sentenced to 151 months' imprisonment on the drug trafficking count and 60 months' imprisonment on the firearm count. He appealed his sentence, which was affirmed on appeal. McNeal then filed this action, raising a Bailey claim. The district court dismissed the action as procedurally defaulted and found that McNeal had not demonstrated actual innocence of the firearm charge to overcome the default. This court granted a certificate of appealability on the issue of whether the presence of the gun on the table constituted "use" of the weapon.

## II.    DISCUSSION

A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998). McNeal cannot show cause and prejudice because he could have raised this argument at the time of his guilty plea. Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000) (explaining that even if the court would have been unlikely to accept a pre-Bailey "use" argument, assumed futility is not considered "cause" for failure to raise the claim). Thus, McNeal may assert his present Bailey claim to obtain relief from his additional five-year consecutive sentence only if he can establish that he was actually innocent of the section 924(c) offense.[2]   Id.

In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction. Dejan, 208 F.3d at 686. Accordingly, we will overturn McNeal's section 924(c)

---

[2]McNeal also contends that a hearing is necessary to resolve the actual innocence issue. We disagree. We review de novo the denial of a section 2255 motion without a hearing and affirm only if the record conclusively shows the movant is not entitled to relief. Latorre v. United States, 193 F.3d 1035, 1038 (8th Cir. 1999). However, an evidentiary hearing is not necessary when the record is clear. Id. McNeal admitted to underlying facts that would support a post-Bailey section 924(c) conviction.

conviction only if he can demonstrate, in light of all the evidence, that "it is more likely than not that no reasonable juror would have convicted him."  Id.  This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a section 924(c) conviction.  See United States v. Sorrells, 145 F.3d 744, 751 (5th Cir. 1998).

At the time of McNeal's conviction, section 924(c) provided for an additional period of imprisonment of five years for a person who "during and in relation to . . . a drug trafficking crime . . . uses or carries a firearm." 18 U.S.C. § 924(c)(1).  In Bailey, the Supreme Court made it clear that "use" of a firearm is restricted to situations in which the defendant actively employs a firearm, which includes "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm."[3] Bailey, 516 U.S. at 148 (emphasis added).  Under this definition, "the silent but obvious and forceful presence of a gun on a table can be a 'use,'" and "a reference to a [hidden] firearm calculated to bring about a change in the circumstances of the predicate offense" can be a use.  Id.  A use must thus equate to something more than inert presence, mere possession, or storage of the firearm near drugs or drug proceeds. Id. at 149.  Similarly, placement of a weapon "at the ready" for later active use does not constitute a use.  Id. at 150.

The firearm additionally must be used "during and in relation to" a drug trafficking crime.  18 U.S.C. § 924(c)(1).  The phrase "in relation to" is broad and deliberately expansive.  Smith v. United States, 508 U.S. 223, 237 (1993) (overruled in nonrelevant part by Bailey).  The "during and in relation to" phrase, "at a minimum,

---

[3]The Supreme Court noted that "[h]ad Congress intended possession alone to trigger liability under § 924(c)(1), it easily could have so provided." Bailey, 516 U.S. at 143.  Indeed, Congress has now done so.  Section 924(c)(1) has been amended to proscribe possession of a weapon in furtherance of a drug trafficking offense.  18 U.S.C. § 924 (c)(1) (2000).

clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." Id. at 238.

McNeal argues that our holding in Latorre v. United States, 193 F.3d 1035, 1040 (8th Cir. 1999), stands for the proposition that the visible presence of a gun can amount to a "use" only if accompanied by evidence of circumstances that combine to create an implicit threat, such as testimony that others would have somehow changed their behavior in response to the presence of the weapon. McNeal misreads Latorre.[4] Although we rejected a per se rule that visible presence of a weapon is always a "use," noting that "[v]isible presence alone is passive, just like simple possession," we found that a gun merely present on a table could be a "use," depending on the circumstances, just as "a reference to a firearm intended to change behavior *is* a 'use' because such a reference is a threat by definition." Id. Our statement in Latorre that visible presence of a gun, without more, does not necessarily amount to a "use" was bottomed on the absence of any evidence linking the presence of the gun to the drug trafficking crime—conspiracy to distribute marijuana—at issue in that case.[5] Id. at 1040-41. In

_____

[4]McNeal argues that our opinion in Latorre suggests that the Supreme Court adopted a "threat as use" theory in Bailey, and that to prove the weapon operated as such a "threat," the government must show that the actions of others were affected by the presence of a weapon. Thus, McNeal argues he is entitled to relief because the government has not shown that others in the house saw the weapons or were affected by their presence. This argument is misplaced. There is no dispute that the weapon on the table was visible and was in fact observed by the officers. In making the argument, McNeal ignores the distinction between concealed and visible weapons, conflates the requirements that satisfy the "use" prong of 924(c) with the requirements that satisfy the "during and in relation to" prong, and miscomprehends the relationship between the two.

[5]Similarly, the Seventh Circuit case cited in Latorre, 193 F.3d at 1040, was also based on lack of evidence to satisfy the "during and in relation to" prong of Section 924(c). See United States v. Stanback, 113 F.3d 651, 656 (7th Cir. 1997) (noting

Latorre, there was evidence that the firearms were only incidental to the drug transactions and were never a part of, or used to facilitate the drug transaction. Id. at 1039. In the present case, McNeal does not argue that the gun was merely fortuitous or incidental to the drug trafficking crime.

McNeal entered a plea of guilty to the crime of possession with intent to distribute cocaine base. It is undisputed that he was observed with a gun visible on the table at which he sat, engaged in the crime of possessing crack cocaine with intent to distribute it. The identity or mindset of others in the house is not relevant, for "evidence of an impending drug transaction is not necessary to trigger the provisions of section 924(c)(1), when . . . the predicate offenses triggering those provisions are possession with intent to distribute crack cocaine and conspiracy to do the same." United States v. Wilson, 183 F.3d 1291, 1297 n.10 (11th Cir. 1999). There can be no dispute that the residence was used for drug trafficking and that the guns were present to facilitate the drug dealing. See, e.g., United States v. Bailey, 235 F.3d 1069, 1073 (8th Cir. 2000) (finding "use and carrying" of a firearm even without temporal proximity to the drug transaction); United States v. Ramos, 147 F.3d 281, 285 (3d Cir. 1998) (finding guns in plain view during drug crime is "use"); United States v. Summers, 137 F.3d 597, 600-01 (8th Cir. 1998) (finding testimony by co-conspirator that defendant had displayed guns during transactions is "use"); United States v. Aikens, 132 F.3d 452, 454 (8th Cir. 1998) (finding "use" when undercover officer saw weapon near drug transaction); United States v. Czeck, 105 F.3d 1235, 1240-41 (8th Cir. 1997) (finding that displaying gun on table and mentioning gun is "use"— "[b]y making it plain to his customers that he was armed and willing to defend his business, Czeck discouraged them from any attempt to rob him and effectively may have warned them that negotiation over the price and quality of his wares was not encouraged").

---

absence of any evidence from which to infer the placement of the gun was anything less than fortuitous in the face of uncontroverted evidence that the others who saw the gun had nothing to do with either the guns or the cocaine).

McNeal's use of the weapon amounts to more than mere possession and fits squarely within the Supreme Court's description of "the silent but obvious and forceful presence of a gun on a table" as a "use."  Bailey, 516 U.S. at 148.  The close physical and temporal proximity of the gun to the drug crime is significant.  Aikens, 132 F.3d at 454.

In light of these undisputed facts, we find that McNeal cannot demonstrate that it is more likely than not that no reasonable juror would have convicted him of the section 924(c) offense.

## III.  CONCLUSION

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.