# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1630

_____

David W. Johnson,             *

                      *

         Appellant,         *

                      *    Appeal from the United States

     v.                    *    District Court for the Western

                      *    District of Missouri.

United States of America,    *

                      *

         Appellee.          *

_____

Submitted: September 12, 2001

Filed: January 29, 2002

_____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.

_____

BEAM, Circuit Judge.

David Wayne Johnson appeals the denial of his petition for writ of habeas corpus. We affirm.

## I.     BACKGROUND

The complete facts of this case are set forth in an earlier opinion addressing Johnson's direct appeal. See United States v. Johnson, 114 F.3d 808 (8th Cir. 1997). A short summary will suffice here. In 1995, a jury found Johnson guilty of armed

bank robbery and using a firearm during and in relation to a crime violence. 18 U.S.C. §§ 2113(a), (d), 924(c). His sentence of 105 months' imprisonment was affirmed on direct appeal. Johnson, 114 F.3d at 808. Johnson now appeals from the final judgment entered in the district court[1] denying his 28 U.S.C. § 2255 motion. The district court granted Johnson a certificate of appealability on the claim that his trial counsel was constitutionally ineffective for failing to challenge the sufficiency of the evidence that a firearm was used during the bank robbery. An administrative panel of this court expanded the certificate of appealability to include the issue of whether relief should be granted because the trial court failed to give a jury instruction regarding the section 924(c) charge consistent with Bailey v. United States, 516 U.S. 137 (1995).

Both issues on appeal relate to Johnson's section 924(c) conviction for using a firearm during and in relation to a crime of violence. The basis for his conviction on this charge was the testimony of Rikki Kreamer, the teller at the bank he robbed. Kreamer made several pretrial statements about the presence of a gun during the robbery. In her first statement to the FBI she said she saw "one to two inches of a dark colored, rounded butt of a handgun." In a later statement, also to the FBI, she said she saw "a gun lying at the bottom of the bag, however, only the butt of the gun was visible." Police reports also indicate Kreamer said that Johnson showed her the "grips of a handgun," and later police reports indicate she told the police she observed the "butt of a dark colored grip to a handgun," but that Johnson "did not pull the handgun from the bag, nor did he point the handgun at her." At trial, Kreamer testified that Johnson placed a bag on the counter of the teller desk and when he opened the bag she saw the butt of a gun inside the bag. Kreamer also testified that Johnson pointed the gun in her direction as he was holding it inside the bag, after he directed her to give him the money. Johnson did not offer any evidence that refuted

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Kreamer's testimony about the presence of a gun. Johnson's counsel cross-examined Kreamer at the trial, but he did not cross-examine her about any of her pretrial statements.

## II. DISCUSSION

### A. Ineffective Assistance of Trial Counsel

Johnson claims that his trial counsel was constitutionally deficient because he failed to vigorously cross-examine Kreamer. Johnson argues that Kreamer made several pretrial statements about the presence of a gun that contradicted her trial testimony and he reasons that the failure to cross-examine her about those inconsistencies amounts to a violation of his constitutional right to effective counsel.

To establish ineffective assistance of counsel, a defendant must prove both that his or her attorney's representation was deficient and that the deficient performance prejudiced the defendant's case. Strickland v. Washington, 466 U.S. 668, 687 (1984). Judicial review of counsel's effectiveness is "highly deferential." Id. at 689. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. When determining whether counsel's representation was deficient, "a court must avoid second-guessing trial strategy." Sanders v. Trickey, 875 F.2d 205, 207 (8th Cir. 1989). A claim of ineffective assistance of counsel presents a mixed question of law and fact, therefore we conduct an independent review of the district court's conclusions. See, e.g., Porter v. Lockhart, 925 F.2d 1107, 1109 (8th Cir. 1991).

Johnson contends that his trial counsel failed to vigorously cross-examine Kreamer about her testimony that she saw a gun in Johnson's bag during the course of the bank robbery. Johnson claims that the pretrial statements Kreamer made concerning the presence of a gun contradicted her trial testimony. However, the

pretrial statements Johnson points to are essentially consistent with Kreamer's trial testimony. Johnson is correct that Kreamer may have given different accounts about how much of the gun was visible during the robbery, but those small discrepancies are not enough for us to conclude that counsel was constitutionally deficient for not voraciously examining the teller about the differences, especially considering his completely reasonable explanation of his trial strategy. The trial counsel's affidavit reveals that the defense strategy was one of mistaken identity. The defense argued that Johnson was not involved in the bank robbery at all and that Kreamer had identified the wrong man. Counsel explained that he did not want to risk alienating the jury by attacking a witness the jury likely found very sympathetic. Furthermore, Johnson's counsel explained, it was part of the trial strategy to portray Kreamer as so preoccupied with the gun that her identification of the robber was unreliable. In sum, it appears from the record that counsel mounted a spirited and competent defense of Johnson and his decision to eschew a tenacious cross-examination of the teller about the gun was in no way deficient.

In addition, even if Johnson could prove that his counsel was deficient, he would fail the "prejudice" prong of the Strickland test. Strickland, 466 U.S. at 694. Johnson must prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. There is nothing in the record to support the notion that the result of the jury verdict would have been different if trial counsel would have vigorously cross-examined Kreamer about the use of the gun. In fact, the alleged inconsistencies in Kreamer's pretrial statements and her trial testimony appear to be very slight. Examining the record as a whole, including Kreamer's pretrial and trial statements, it appears that even if counsel would have focused the jury on the teller's pretrial statements the result of the proceeding would not have been different.

**B.    Bailey Issue**

Johnson contends that his section 924(c) conviction for using a firearm during and in relation to a crime of violence should be vacated because the jury instruction allowed the jury to reach a verdict of guilt if it found merely that a firearm was "available to aid in the commission of the bank robbery."  Ten months after Johnson's conviction, but several weeks before his sentencing, the Supreme Court decided Bailey, 516 U.S. at 143, holding that the mere availability of a firearm at a crime scene was an insufficient basis upon which to convict a defendant.  Bailey held that evidence of more active conduct, such as brandishing or displaying the firearm, is required for a conviction under the statute.  Id. at 148.  Johnson argues his conviction should be reversed because the jury instruction was improper.

The government and the district court concede that the jury instruction used for Johnson's trial did not satisfy Bailey's requirements.  However, Johnson did not raise this argument at sentencing or on direct appeal, which means he procedurally defaulted on the Bailey issue.  See Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998).  In order to obtain collateral review of a procedurally defaulted issue, Johnson must show "either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).

Leaving aside the issue of cause, it is clear that Johnson was not actually prejudiced by the failure to give the jury an instruction in accordance with Bailey. To establish actual prejudice, Johnson must show that the erroneous jury instruction "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170 (1981). Johnson must also show a substantial likelihood that a properly instructed jury would have acquitted him of violating section 924(c).  See id. at 172.  There is not a substantial likelihood that a properly instructed jury would have acquitted Johnson of violating section 924(c).  Bailey defined "use" of a firearm to include only those

instances whereby the defendant actively employs a firearm, which includes "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm." Bailey, 516 U.S. at 148. "Under this definition, 'the silent but obvious and forceful presence of a gun on a table can be a "use,"' and 'a reference to a [hidden] firearm calculated to bring about a change in the circumstances of the predicate offense' can be a use." McNeal v. United States, 249 F.3d 747, 750 (8th Cir. 2001) (quoting Bailey, 516 U.S. at 148) (alterations in original).

The record is clear that Johnson "used" a firearm in a manner consistent with Bailey's definition of the term. The bank teller testified that she saw the butt of a gun in Johnson's bag. She further testified that after he told her to put the money in the bag "he reached in like he was holding the gun in my direction and he had his hand in the bag with the gun." It is clear from this undisputed testimony that Johnson not only displayed a gun, he used the gun in an effort to get the teller to comply with his demand to give him the money. Johnson's use of the weapon fits squarely within Bailey's definition of "displaying" a firearm, as well as using the firearm to "bring about a change in the circumstances of the predicate offense."[2] Bailey, 516 U.S. at 148.

For similar reasons, Johnson cannot establish that he was actually innocent of the section 924(c) offense. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal citations and quotations omitted). "This is a strict standard; generally, a petitioner

---

[2]These facts also demonstrate that Johnson was not prejudiced by appellate counsel's failure to raise the Bailey issue on direct appeal. Even if appellate counsel would have raised the issue on direct appeal, Kreamer's testimony demonstrates that counsel's error did not effect the outcome of the appeal. See Strickland, 466 U.S. at 694.

cannot show actual innocence where the evidence is sufficient to support a section 924(c) conviction." McNeal 249 F.3d at 749-50 (citing United States v. Sorrells, 145 F.3d 744, 751 (5th Cir. 1998)). The evidence at Johnson's trial was clearly sufficient to support a section 924(c) conviction, even under Bailey's more restricted definition of use. Given the unrebutted testimony of the bank teller, we find that Johnson cannot demonstrate that it is more likely than not that no reasonable juror would have convicted him of the section 924(c) offense if given the proper instruction.

## III.    CONCLUSION

The judgment of the district court is affirmed.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.