# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1210
_____

United States of America

*Plaintiff - Appellee*

v.

Aemonn J. Alexander

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 25, 2015
Filed: January 11, 2016

_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Aemonn Alexander pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Alexander was sentenced to 180 months imprisonment as an armed career criminal under 18 U.S.C. § 924(e)(1). Alexander appeals his sentence, arguing that because his conviction for Assault Second Degree

does not qualify as one of three predicate offenses, the district court[1] erred in applying the armed career criminal enhancement. We find his Assault Second Degree conviction qualifies as a "violent felony." We affirm.

I.

On June 21, 2013, officers with the Independence, Missouri police department responded to a domestic disturbance call at Alexander's home. Alexander's wife reported to the officers that Alexander physically assaulted her and invited the police officers into the house. Upon their entry into the home, the officers discovered a loaded, stolen Ruger, 9 mm semiautomatic pistol. The officers found Alexander hiding in the basement of the home with six 9 mm rounds of ammunition in his front pocket.

A month later, Alexander was charged in a single-count Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Alexander pled guilty to the Indictment without a plea agreement with the government. The presentence investigation report ("PSR") concluded that Alexander had "three prior convictions for a violent felony or a serious drug offense, or both," which qualified as violent felonies under the Armed Career Criminal Act ("ACCA"), codified at § 924(e), and indicated that one of Alexander's prior "violent felonies" was a Missouri state court Assault Second Degree conviction. Alexander objected to the PSR's finding that his Assault Second Degree conviction under Missouri Revised Statute § 565.060 was a crime of violence under the ACCA. The district court considered documents from Alexander's Missouri state court prosecution, overruled Alexander's objections, and held that the Assault Second Degree conviction constituted a predicate offense under § 924(e). Alexander was sentenced

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

to 180 months imprisonment, the minimum sentence allowed under the ACCA. 18 U.S.C. § 924(e)(1). Absent the ACCA enhancement, the maximum allowable sentence for being a felon in possession of a firearm in violation of § 922(g) is 120 months imprisonment. 18 U.S.C. § 924(a)(2).

II.

A.

On appeal, Alexander maintains that the district court erred in counting his Assault Second Degree conviction as a qualifying violent felony for ACCA purposes. The government contends that, under the modified categorical approach, Alexander's Missouri conviction for Assault Second Degree constitutes a violent felony and was properly counted as a predicate offense. "Having jurisdiction pursuant to 28 U.S.C. § 1291, we review de novo the district court's legal determination that the prior convictions serve as predicate offenses under the ACCA." United States v. Cole, 778 F.3d 1055, 1055 (8th Cir. 2015) (per curiam).

Under the ACCA, a defendant is subject to a mandatory fifteen-year minimum sentence on a felon-in-possession conviction if the defendant has three previous convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA provides two categories of crimes that constitute a "violent felony." If the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another," it is a "violent felony." 18 U.S.C. § 924(e)(2)(B)(i). The statute, secondly, includes certain enumerated felonies and any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).[2]

---

[2]Because we address only subsection (i) of 18 U.S.C. § 924(e)(2)(B), we do not reach Alexander's arguments under Johnson v. United States, 135 S. Ct. 2551 (2015),

"When a statute of conviction encompasses several different crimes, some of which qualify as crimes of violence and some of which do not, we may use a 'modified categorical approach' to determine which part of the statute was the basis for conviction." United States v. Vinton, 631 F.3d 476, 484 (8th Cir. 2011). A court may examine underlying documents in the trial record, including the statement of the factual basis for the charge in pleaded cases. Shepard v. United States, 544 U.S. 13, 20 (2005). Given adequate judicial record evidence, a reviewing court can generally determine whether a plea "necessarily rested" on the subpart of the statute that qualifies as a crime of violence. Vinton, 631 F.3d at 485; see also Shepard, 544 U.S. at 21. The court will make this determination by examining the charging instrument, the district court's formal rulings of law and findings of fact, the plea colloquy transcript, and the plea agreement. See Shepard, 544 U.S. at 20-21.

B.

Alexander was convicted of second-degree assault under Mo. Rev. Stat. § 565.060, which reads in relevant part:

1. A person commits the crime of assault in the second degree if he:

(1) Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or

(2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; or

(3) Recklessly causes serious physical injury to another person; or

_____

which held the so-called "residual clause" found in subsection (ii) unconstitutional.

-4-

(4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself; or

(5) Recklessly causes physical injury to another person by means of discharge of a firearm; or

(6) Operates a motor vehicle in violation of subsection 2 of section 304.022, and when so operating, acts with criminal negligence to cause physical injury to any person authorized to operate an emergency vehicle, as defined in section 304.022, while such person is in the performance of official duties.

Because Alexander pled guilty, we determine whether his plea "necessarily rested" on a subpart of Mo. Rev. Stat. § 565.060 that constitutes a crime of violence. The charging instrument in Alexander's second-degree assault conviction alleged:

The Prosecuting Attorney of the County of Jackson, State of Missouri, charges that the defendant, Aemonn Alexander, in violation of Section 560.060, RSMo, committed the class C felony of assault in the second degree, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about September 7, 1998, in the County of Jackson, State of Missouri, the defendant knowingly attempted to cause physical injury to Adam J. Zarrillo by means of a dangerous instrument.

The language of the information tracks the language of § 565.060.1(2). Alexander was convicted of committing second-degree assault by knowingly attempting to cause physical injury to another by means of a dangerous instrument. See Vinton, 631 F.3d at 485 (applying the modified categorical approach to determine that Vinton had been convicted of § 565.060.1(2)). We have previously held that second-degree assault under § 565.060.1(2) is a crime that "has as an element the use, *attempted use*, or threatened use of physical force against the person of another" and

-5-

therefore constitutes a violent felony. 18 U.S.C. § 924(e)(2)(B)(i); Vinton, 631 F.3d at 485 (emphasis added).

Alexander argues that the circumstances in Vinton were different because the defendant in Vinton pled guilty to causing physical injury while Alexander pled guilty to attempting to cause physical injury and Missouri's attempt statute could encompass circumstances not involving violent or substantial force. The Missouri Supreme Court has established that "Section 564.011 governs all attempt crimes, and a substantial step is an essential element of any attempt under Missouri law, including attempt-based assault as defined by section 565.060.1(2)." State v. Williams, 126 S.W.3d 377, 387 (Mo. 2004) (en banc). We therefore look to § 564.011, Missouri's attempt statute, which deems a person "guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense" and defines "substantial step" as "conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Mo. Rev. Stat. § 564.011.1. Specifically, Alexander contends that criminalizing a "substantial step" is over-inclusive because it expands beyond the traditional understanding of a generic assault attempt and removes the "violent" or "substantial" force requirement from the ACCA.

Furthermore, Alexander asserts that our decision in United States v. Reid, 769 F.3d 990 (8th Cir. 2014), controls the "substantial step" issue. In Reid, the defendant challenged the district court's determination that a Missouri conviction for attempted burglary qualified as a violent felony. 769 F.3d at 993. Critically, however, Reid addressed the "substantial step" test and Missouri's attempted burglary statute under the "residual clause" of the ACCA, § 924(e)(2)(B)(ii). Id. at 993-94. Alexander's predicate conviction does not fall under subsection (ii), the residual clause, but rather under subsection (i). Thus, the analysis and holding of Reid do not inform this Court's determination of whether an attempted second-degree assault qualifies as a violent felony under § 924(e)(2)(B)(i).

Missouri's "attempt statute requires only a showing that 'defendant's purpose was to commit the underlying offense and that defendant took a substantial step toward its commission.'" State v. Faruqi, 344 S.W.3d 193, 202 (Mo. 2011) (en banc). We have found no case in which the Missouri Supreme Court has construed attempt under § 565.060(1)(2) in an overinclusive manner that eviscerates the requirements of the ACCA and Alexander has not called any such case to our attention. See Fed. R. App. P. 28(a)(8)(A) (stating that Appellant's Brief must contain citations to the authorities upon which the Appellant's contentions rely). Thus, an attempted second-degree assault under Mo. Rev. Stat. § 565.060(1)(2) constitutes an "attempted use . . . of physical force" under § 924(e)(2)(B)(i).

III.

Accordingly, we hold Alexander's conviction for Assault Second Degree qualifies as a "violent felony" within the meaning of 18 U.S.C. § 924(e)(2)(B)(i) and affirm the district court's application of the ACCA enhancement to Alexander's sentence.

_____