# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3373

_____

United States of America

*Plaintiff - Appellee*

v.

Lamarvin Darden

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 28, 2018
Filed: February 12, 2019

_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.

_____

MELLOY, Circuit Judge.

In this 28 U.S.C. § 2255 case with a complicated procedural history, Appellant Lamarvin Darden asks us to vacate his 200-month prison sentence and remand to the

district court[1] to conduct a full resentencing hearing wherein his rehabilitation efforts can be fully considered.  We affirm.

## I.  Background

### A.  Darden's Underlying Convictions and Sentences

In May 2011, Darden was convicted of three crimes following a jury trial: (1) possession with intent to distribute cocaine base, a violation of 21 U.S.C. § 841(a)(1) (the "drug count"); (2) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) (the "firearm count"); and (3) being an unlawful user of a controlled substance in possession of a firearm, which is a violation of 18 U.S.C. § 922(g)(3) (the "drug-firearm count").

Darden's presentence investigation report ("PSR") concluded that he was an armed career criminal under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), and a career offender under section 4B1.1 of the U.S. Sentencing Guidelines (the "Guidelines").  To support those conclusions, the PSR identified

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

numerous predicate offenses.[2]  The PSR then recommended a sentence of 262 to 327 months' imprisonment.  Darden objected to the PSR.

At the sentencing hearing, the district court sentenced Darden to 200 months for the drug count, 200 months for the firearm count, and 120 months for the drug-firearm count, all to run concurrently.  The district court concluded he was an armed career criminal and a career offender.  Following the hearing, Darden timely appealed his convictions and sentences, and we affirmed.  See United States v. Darden, 688 F.3d 382, 391 (8th Cir. 2012).

## B.  Darden's First 2255 Motion

Two years later, Darden filed a motion to vacate the sentences under 28 U.S.C. § 2255 (the "2014 motion").  Among other things, he claimed he had received ineffective assistance of counsel because his attorney had not argued that the firearm and drug-firearm counts should be consolidated for sentencing purposes.  The district court agreed that counsel was ineffective but found no prejudice because Darden had

---

[2]These included two 2003 convictions for: (1) "Possession with Intent to Distribute a Controlled Substance—Marijuana" in violation of Mo. Rev. Stat. § 195.211; and (2) "Assault Law Enforcement Officer Second Degree" in violation of Mo. Rev. Stat. § 565.082.1(1).  They also included five 2004 convictions for: (1) two counts of "Assault on a Law Enforcement Officer Second Degree" in violation of Mo. Rev. Stat. § 565.082.1(1); (2) one count of "Burglary Second Degree" in violation of Mo. Rev. Stat. § 569.170; and (3) two counts of "Assault on a Law Enforcement Officer (Deadly Weapon/Dangerous Instrument)" in violation of Mo. Rev. Stat. § 565.082.1(1).  At the time Darden committed each assault offense under section 565.082.1, subsection (1) stated that a person committed the crime of assault of a law enforcement officer if he "[k]nowingly cause[d] or attempt[ed] to cause physical injury to a law enforcement officer . . . by means of a deadly weapon or dangerous instrument."  Id.  For each assault offense, prosecutors charged Darden under the attempt language in subsection (1).  Darden claims he entered "Alford" pleas to each assault charge.  See North Carolina v. Alford, 400 U.S. 25, 37 (1970).

been sentenced to serve a concurrent 200 months on the drug count. Merging the firearm and the drug-firearm counts, the district court explained, would not have affected the length of his incarceration.

Darden appealed. Before we had the chance to decide the case, however, the government moved for a remand "to enter an amended judgment reflecting that Darden was convicted on [the drug count] . . . and either [the firearm or the drug-firearm count]." Darden did not object to the motion, but requested that counsel be appointed "at the district court level for re-sentencing." Seeing that both parties desired a remand, we granted the motion, remanding the case "for further proceedings and entry of an amended judgment."

While the appellate proceedings were ongoing and before we remanded, Darden amended his 2014 motion before the district court pro se. He claimed that his second-degree assault convictions, see supra note 2, were not violent felonies in light of the U.S. Supreme Court's opinion in Johnson v. United States, 135 S. Ct. 2551 (2015). The district court ordered the federal public defender's office to review Darden's amended motion and determine whether it would pursue Darden's arguments.[3] A month later, we remanded, as mentioned previously, whereupon the district court ordered Darden to file a brief explaining why he was entitled to resentencing and not simply an amended judgment. Darden filed the brief in March 2016, and the government did not respond because it did not have a position on the issue. Shortly thereafter, the district court ordered a resentencing hearing and appointed Darden counsel.

The Probation Office then issued a PSR for resentencing. The report again concluded that Darden was an armed career criminal and a career offender based on the same predicate offenses that were cited in the 2011 PSR. The government filed

---

[3]It appears that nothing ever came of this in light of the events that followed.

a sentencing memorandum in support of the PSR. Darden thereafter objected to the PSR and filed a brief, arguing that his prior burglary and attempted assault convictions could not be considered violent felonies under Johnson.

At the resentencing hearing, the government dismissed the drug-firearm count and argued that Darden's attempted assault convictions were violent felonies.[4] The district court allowed Darden to speak about his rehabilitation efforts. The district court also permitted Darden to present witnesses on his behalf. The district court then considered the arguments and sentenced Darden to 200 months on the drug count and a concurrent 200 months on the firearm count. The district court reasoned that Darden was still an armed career criminal and career offender because he had three predicate offenses: the 2003 conviction for marijuana possession and "at least two" of the 2004 convictions for attempted assaults on a law enforcement officer. The attempted assault convictions, the district court explained, were violent felonies based on this Court's decision in United States v. Alexander, 809 F.3d 1029 (8th Cir. 2016). Contrary to Darden's wishes, his attorney did not appeal.

## C. Darden's Second 2255 Motion

Darden's attorney's failure to appeal prompted Darden to file a § 2255 motion to vacate his 2016 sentences (the "2017 motion"). He alleged ineffective assistance of counsel. The district court ordered a hearing on his motion, understanding that "the sole purpose of th[e] hearing" was to reimpose the 2016 sentences so that Darden could appeal them. At the hearing, the district court allowed Darden's attorney to present a brief argument and then allowed Darden to say a few words for himself. The district court then resentenced Darden to two concurrent terms of 200 months so that he could appeal. As it did so, the district court stated that it believed it did not

---

[4]Throughout the proceedings and on appeal, the government has not argued that Darden's burglary conviction is a violent felony.

have the power to sentence Darden to a reduced sentence. The district court explained:

> If I had the power, I would probably—I would have reduced your sentence to about 120 months. I didn't believe that I had the power [when you were here before], and I don't believe I have the power now to resentence you. If I did, I would sentence you to 120 months.

Darden timely appealed, bringing the case before us. He now argues that: (1) under the "sentencing package" doctrine, the district court had the authority to conduct a plenary resentencing at the October 2017 hearing and should have done so; (2) his prior assault convictions were not "violent felonies" under the ACCA; (3) his 2004 assault convictions were all part of a continuous course of conduct that should be treated as one conviction; and (4) he was prejudiced by a change of attorneys after we remanded the case for further proceedings regarding the 2014 motion.

## II. Discussion

### A. Procedural Correctness

Darden first asserts that the district court committed procedural error when it reinstated his 200-month sentence at the October 2017 hearing without conducting a "plenary resentencing." The district court, Darden insists, "had the authority to conduct a plenary resentencing on all counts" under the "'sentencing package' doctrine." See Gardiner v. United States, 114 F.3d 734, 736 (8th Cir. 1997) (discussing the doctrine). The district court, therefore, "plainly erred," Darden concludes, "in failing to recognize the scope of its authority to impose a new sentence that reflected the concerns of 18 U.S.C. § 3553(a)."

Both parties agree that plain-error review applies to this issue as Darden did not object to the procedure the district court followed at the second resentencing. See

United States v. Ruiz-Salazar, 785 F.3d 1270, 1272 (8th Cir. 2015) (per curiam) (noting that "a claim of procedural error" raised "for the first time on appeal" is reviewed under the "plain-error standard"). Under plain-error review, Darden

> must show (1) an error; (2) that is plain; and (3) that affects substantial rights. An error affects a substantial right if it is prejudicial, meaning that there is a reasonable probability the defendant would have received a lighter sentence but for the error. Even if that showing is made, this court will correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.

United States v. Trung Dang, 907 F.3d 561, 564 (8th Cir. 2018) (citation omitted).

Here, the district court did not procedurally err when it resentenced Darden to 200 months in 2017. We have repeatedly said that "[w]hen resentencing follows a successful § 2255 motion based on counsel's failure to appeal, 'the prescribed procedure is for the district court to vacate the sentence and then reimpose it." United States v. King, 691 F.3d 939, 940–41 (8th Cir. 2012) (citation omitted) (affirming a district court's decision to reimpose an upward-departure sentence after the defendant's attorney failed to appeal); see also United States v. Prado, 204 F.3d 843, 845, 847 (8th Cir. 2000) (affirming a district court's decision to reimpose a defendant's two consecutive, 60-month sentences following the sentencing court's and the defendant's attorney's failure to advise the defendant of his appeal right); United States v. Beers, 76 F.3d 204, 205 (8th Cir. 1996) (per curiam) (affirming a district court's decision to vacate a defendant's sentence and reimpose the sentence so that he could have a chance to engage in direct appeal following his counsel's failure to do so). The district court followed this clearly established procedure.

Moreover, even if we were to now agree with Darden that the sentencing package doctrine or any other consideration should compel district courts to follow a different procedure, any error the district court committed here would not be "plain"

in light of the long line of cases just cited.  See United States v. Borders, 829 F.3d 558, 564 (8th Cir. 2016) ("Plain error means an error that is clear under current law."); United States v. Briggs, 820 F.3d 917, 921 (8th Cir. 2016) (explaining that for an error to be plain, it must be "'obvious' or 'clear under current law'" (quoting United States v. Olano, 507 U.S. 725, 734 (1993))).  Consequently, we hold that the district court did not commit plain error when it reimposed Darden's original sentence at the 2017 hearing.

## B.  Darden's Attempted Assault Convictions

We turn now to the arguments Darden preserved at the 2016 resentencing. There, he argued that his 2003 and 2004 attempted assault convictions do not constitute violent felonies under the ACCA because of the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and Mathis v. United States, 136 S. Ct. 2243 (2016).[5]  The district court disagreed, holding that this Court's decision in United States v. Alexander, 809 F.3d 1029 (8th Cir. 2016), was on point and compelled the opposite conclusion.  "Mr. Darden's indictments for assaults on a law enforcement officer second degree are all similar to the description of the indictment at issue in Alexander," the district court explained, and "[t]he Supreme Court's decision in Mathis does not change this result."  Darden now renews his argument that his attempted assault convictions are not violent felonies.  We "review[] de novo the determination that a conviction is a violent felony under the ACCA."  United States v. Myers, 896 F.3d 866, 868 (8th Cir. 2018), petition for cert. filed, No. 18-6859 (U.S. Nov. 26, 2018).

---

[5]Darden also argued that his 2004 second-degree burglary conviction under Mo. Rev. Stat. § 569.170, see supra note 2, is not a violent felony.  The district court found it unnecessary to rule on that issue, and so do we.  For the reasons stated below, Darden still has a sufficient number of predicate offenses to be considered an armed career criminal even without the burglary conviction.

"A violent felony under the ACCA is 'any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. (quoting 18 U.S.C. § 924(e)(2)(B)). We determine whether a prior conviction is a violent felony by "comparing 'the elements of the crime of conviction . . . with the elements of the generic crime." Id. (quoting Descamps v. United States, 570 U.S. 254, 257 (2013)). "If the elements criminalize a broader range of conduct than the generic crime [i.e., make the crime of conviction overinclusive], the conviction is not a violent felony." Id. at 869. If the statute of conviction lists alternative elements, however, it "defines more than one crime," in which case we apply a "modified categorical approach . . . to determine which of the alternatives was the offense of conviction." Id. (quoting United States v. Winston, 845 F.3d 876, 877 (8th Cir. 2017)). Under the modified categorical approach, we may look at a limited set of documents, the so-called Shepard documents, to make such a determination. See Shepard v. United States, 544 U.S. 13, 26 (2005) (listing "the charging document, . . . a plea agreement or transcript of [the plea] colloquy[,] . . . [or] some comparable judicial record" as acceptable documents a court can use under the modified categorical approach).

In Alexander, we held that "an attempted second-degree assault under Mo. Rev. Stat. § 565.060(1)(2) constitutes an 'attempted use . . . of physical force' under § 924(e)(2)(B)(i)," and is therefore a violent felony. Alexander, 809 F.3d at 1033. Section 565.060.1(2), a statute that listed alternative elements, defined second-degree assault as "attempt[ing] to cause or knowingly caus[ing] physical injury to another person by means of a deadly weapon or dangerous instrument." Mo. Rev. Stat. § 565.060.1(2) (1998).[6] We applied the modified categorical approach

<hr />

[6]Section 565.060 has been repealed and replaced by Mo. Rev. Stat. § 565.050 as has Mo. Rev. Stat. § 565.082, the statute under which Darden was convicted. See 2014 Mo. Laws 959, 1181, 1185, 1378–80. In 2003 and 2004, however, when Darden was charged with attempted assault under section 565.082.1(1), the language

and concluded that "[t]he language of the information tracks the language of" the statute.  Alexander, 809 F.3d at 1032.  We then assessed whether Missouri law construed the term "attempt" in an overinclusive manner and concluded that it did not.  See id. at 1032–33.  Accordingly, we affirmed "the district court's application of the ACCA enhancement to Alexander's sentence."  Id. at 1033.

A little more than a year later, we reaffirmed Alexander in United States v. Minnis, 872 F.3d 889, 892 (8th Cir. 2017).  Minnis involved a criminal defendant who claimed that "his prior conviction for attempted first-degree assault" under Mo. Rev. Stat. § 565.050[7] was "not a crime of violence" under section 4B1.2(a) of the Guidelines.  Id. at 891.  We described how to determine whether a prior conviction constitutes a crime of violence—a process largely the same as determining whether the conviction is a violent felony under the ACCA.  See id.; see also United States v. Doyal, 894 F.3d 974, 976 n.2 (8th Cir. 2018) ("[G]iven their nearly identical definitions, we construe 'violent felony' under [the ACCA] and 'crime of violence' under the Guidelines as interchangeable, including the corresponding force clauses and residual clauses." (second alteration in original) (citation omitted)); United States v. Vinton, 631 F.3d 476, 484 (8th Cir. 2011) ("To determine whether a previous conviction is a crime of violence under § 4B1.2(a), we often have looked to the case

_____

of that subsection was virtually identical to that of the 1998 version of section 565.060.1(2).  Compare Mo. Rev. Stat. § 565.082 (2004) ("1. A person commits the crime of assault of a law enforcement officer . . . in the second degree if such person: (1) Knowingly causes or attempts to cause physical injury to a law enforcement officer . . . by means of a deadly weapon or dangerous instrument."), with Mo. Rev. Stat. § 565.060 (1998) ("1. A person commits the crime of assault in the second degree if he: . . . (2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument.").

[7]Section 565.050 reads, in relevant part: "1.  A person commits the offense of assault in the first degree if he or she attempts to kill or knowingly causes or attempts to cause serious physical injury to another person."

law interpreting 18 U.S.C. § 924(e)(2)(B), a provision of the [ACCA] that defines the term 'violent felony' using similar language."). We then assessed whether the Missouri Supreme Court's post-Alexander case of State v. Lammers, 479 S.W.3d 624 (Mo. 2016) (en banc), had done anything to modify Missouri's attempt analysis and thereby make Missouri's attempt offense broader than the generic crime. See id. at 891–92. We concluded it had not. Id. Finding that Alexander controlled, we held that "[t]he elements of attempted first-degree assault under Missouri law [were] not broader than the generic crime," so attempted first-degree assault was a crime of violence. Id. at 892.

Here, Darden was charged with second-degree assault on a law enforcement officer under the "attempt" language of Mo. Rev. Stat. § 565.082.1(1). That language tracks the language of the statutes at issue in Alexander and Minnis. Darden points to no Missouri cases post Lammers to suggest that Missouri's law regarding attempts has changed to become overinclusive. Therefore, we hold that his convictions for second-degree assault on a law enforcement officer were violent felonies under the ACCA.[8]

## C. Darden's Other Arguments

We reject Darden's final two arguments. He argues that his 2004 second-degree assault convictions were all part of a continuous course of conduct and should count as one conviction. He procedurally defaulted this argument, however, because he did not raise it on direct appeal in 2012. See Bousley v. United States, 523 U.S. 614, 621 (1998); McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001).

---

[8]Darden argues in his supplemental brief that the fact he entered Alford pleas on the assault charges precludes a determination that his convictions are violent felonies. We reject this argument as "Alford pleas are indistinguishable from other guilty pleas for purposes of § 924(e)(2)(B)." United States v. Salean, 583 F.3d 1059, 1061 n.3 (8th Cir. 2009).

Moreover, he has not demonstrated "cause for the default and prejudice or actual innocence," which he must do if he wishes to raise the argument for the first time here. McNeal, 249 F.3d at 749; see also Bousley, 523 U.S. at 622. Even if the argument were not defaulted and we agreed that his 2004 second-degree assault convictions were part of a continuous course of conduct, Darden would still have three predicate offenses: (1) his 2003 conviction for possession of marijuana with intent to distribute; (2) his 2003 conviction for second-degree assault; and (3) his now-single 2004 conviction for second-degree assault. See supra note 2.[9] Thus, he would remain an armed career criminal under the ACCA.

Darden also argues that he was prejudiced by a change of attorneys after we remanded the case for further proceedings regarding the 2014 motion. We decline to address this argument because he raises it for the first time in his supplemental brief, and "[i]t is well settled that we will not consider an argument raised for the first time on appeal." Eagle Tech. v. Expander Ams., Inc., 783 F.3d 1131, 1138 (8th Cir. 2015).

### III. Conclusion

We affirm the district court's judgment.

_____

[9]Darden raises for the first time in his reply brief the argument that his 2003 marijuana-possession conviction and his 2003 second-degree assault convictions "occurred at the same time" and, therefore, ought to be treated as one conviction. We generally do not consider arguments raised for the first time in a reply brief and find no reason to do so here. See Jones v. Aetna Life Ins. Co., 856 F.3d 541, 549 (8th Cir. 2017).