# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2470

_____

United States of America

*Plaintiff - Appellee*

v.

Keith Morgan Block

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: June 14, 2019
Filed: September 9, 2019
[Published]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

When Keith Block pleaded guilty to possessing a firearm as a felon, 18 U.S.C.
§ 922(g)(1), he became eligible for a fifteen-year mandatory-minimum sentence
under the Armed Career Criminal Act ("ACCA"). ACCA requires three prior
qualifying crimes, and "we focus on the elements of th[os]e crime[s]—as opposed
to the actual facts of what he did." *Brown v. United States*, 929 F.3d 554, 556 (8th

Cir. 2019) (internal quotation marks and citation omitted). If the elements are "the same as, or narrower than," ACCA's categories of qualifying offenses, then the convictions count. *Id.* (citation omitted). In this case, the district court counted three of Block's convictions: one for second-degree battery under Arkansas law and two for delivery of a controlled substance under Texas law. According to the court,[1] the Arkansas conviction was a "violent felony" and the Texas convictions were "serious drug offense[s]." 18 U.S.C. § 924(e)(1) (applying to felons-in-possession with "three previous convictions . . . for a violent felony or a serious drug offense, or both").

The district court classified them correctly. *See United States v. Darden*, 915 F.3d 579, 584 (8th Cir. 2019) (stating that we review de novo whether prior convictions count under ACCA). For Block's second-degree-battery conviction, we have already held that the specific subsection that Block violated, Ark. Code Ann. § 5-13-202(a)(4), qualifies as a "crime of violence," U.S.S.G. § 4B1.2(a)(1), which has a definition that is "nearly identical" to "violent felony," 18 U.S.C. § 924(e)(2)(B)(i). *United States v. Williams*, 690 F.3d 1056, 1067 (8th Cir. 2012); *see also United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016) (applying the definition of "crime of violence" in U.S.S.G. § 4B1.2(a)(1)). Block has given us no reason to treat the definitions as anything other than "interchangeable" here. *Williams*, 690 F.3d at 1067.

His Texas drug convictions also qualify as "serious drug offenses." 18 U.S.C. § 924(e)(2)(A)(ii). Block argues that the Texas statute that he twice violated cannot be a "serious drug offense" because it criminalizes a mere offer to sell drugs. Texas Health & Safety Code §§ 481.112(a), .002(8). But we have considered and rejected this argument before in analyzing a similar Minnesota statute. *United States v. Bynum*, 669 F.3d 880, 887 (8th Cir. 2012) (discussing Minn. Stat. § 152.01, subd.

---

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

15a).  We held there that an offer to sell drugs qualifies as a "serious drug offense" under ACCA's "expansive" definition because it is "related to or connected with drug manufacture, distribution, or possession."  *Id.* at 886 (internal quotation marks and citation omitted); *see* 18 U.S.C. § 924(e)(2)(A)(ii) (defining "serious drug offenses" as "offense[s] . . . *involving* manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" (emphasis added)).

We are bound by these decisions, notwithstanding Block's insistence that they are wrong.  *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc). We accordingly affirm the judgment of the district court.

_____