# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1477
_____

United States of America

*Plaintiff - Appellee*

v.

Samuel E. Haley, III

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: November 16, 2020
Filed: December 3, 2020
[Unpublished]
_____

Before COLLOTON, ARNOLD, and KELLY, Circuit Judges.
_____

PER CURIAM.

After pleading guilty to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), Samuel Ernest Haley, III, objected to a presentence investigation report's characterization of him as an armed career criminal—a determination that would

subject him to a longer prison term. The district court[1] overruled his objection and sentenced him as an armed career criminal to the statutory minimum 180 months' imprisonment. Haley appeals his sentence, and we affirm.

To qualify as an armed career criminal, a person convicted of being a felon in possession of a firearm must have three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." *See id.* § 924(e)(1). Haley does not challenge that he has two such previous convictions. He argues only that the district court erred when it concluded that his Missouri conviction for second-degree assault is a "violent felony," and thus a third predicate conviction.

A violent felony is defined, in relevant part, as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). To determine whether a crime fits this definition, we consider the elements of the crime—not the facts that ultimately led to the defendant's conviction—and consider whether those elements categorically involve "the use, attempted use, or threatened use of physical force against the person of another." *See United States v. Irons*, 849 F.3d 743, 746–47 (8th Cir. 2017). When a statute contains multiple, alternative versions of an offense, we may apply a so-called "modified categorical approach" to determine the particular version of the offense of which the defendant was convicted. *See id.* at 746. To do so, we may consider certain documents in the record of the previous conviction, including the charging document. *See United States v. Alexander*, 809 F.3d 1029, 1031–32 (8th Cir. 2016).

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

At the time of Haley's conviction, Missouri provided four ways to commit second-degree assault, all under the roof of one statute. *See* Mo. Rev. Stat. § 565.060.1 (1990). A person committed second-degree assault if he "[a]ttempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause," if he "[a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument," if he "[r]ecklessly causes serious physical injury to another person," or finally if he, "[w]hile in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself." *Id.* The information charging Haley with second-degree assault said that he, "in violation of Section 565.060, RSMo, committed the class C felony of assault in the second degree, punishable upon conviction under Sections 558.011.1(3) and 560.011, RSMo, in that on or about the 7th day of May, 1990, in the County of Boone, State of Missouri, the defendant knowingly caused physical injury to [victim] by means of deadly weapon."

Haley maintains that, since the information did not name the deadly weapon he used, "it is impossible to determine whether the assault second degree plea necessarily rested on the subpart of the statute that qualifies" as a violent felony. We disagree. Even though the information did not name the weapon, we can still discern the statutory subsection under which Haley was convicted because the information's language tracks the subsection dealing with physical injuries caused by a deadly weapon. *See id.* § 565.060.1(2) (1990). In *Alexander*, we considered a charging instrument similar to the one here that involved the same Missouri second-degree assault statute. It said, "the defendant knowingly attempted to cause physical injury to [victim] by means of a dangerous instrument." 809 F.3d at 1032. We held there that the parallel between the charging instrument and the second-degree assault statute made it clear that the defendant's conviction rested on the second-degree assault statute's second subsection. *Id.* So too here. We also held in *Alexander* that a

conviction resting on this subsection categorically constitutes a violent felony. *Id.* As a result, the district court here properly overruled Haley's objection.

The charging document's failure to identify the weapon Haley employed is not an impediment to determining that his conviction was a violent felony. When we hold that a crime is categorically a violent felony, as we have done with this particular crime, we necessarily conclude that it is always a violent felony, no matter the particular means a defendant uses to commit the crime. So here, it doesn't matter for our purposes that the charging document didn't specify whether the dangerous instrument Haley used was a gun, knife, or something else because, no matter what dangerous weapon he used, his conviction for this offense alone is enough to demonstrate that he committed a violent felony.

Affirmed.

_____