# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2336
_____

United States of America

*Plaintiff - Appellee*

v.

Lavaughn D. Scott

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: March 30, 2022
Filed: April 4, 2022
[Unpublished]
_____

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Lavaughn Scott appeals the sentence the district court[1] imposed after he pleaded guilty to a firearm offense. He argues that the district court erred in

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

classifying him as an armed career criminal under the Armed Career Criminal Act (ACCA), see 18 U.S.C. § 924(e), because he did not have three qualifying predicate offenses.

Upon careful review, we conclude the district court did not err in concluding that Scott had at least three qualifying ACCA predicate offenses. He does not dispute that he had at least one qualifying controlled substance offense and does not contend his second-degree robbery conviction is not a qualifying offense. As for the second-degree assault conviction, we conclude the district court properly looked to the charging document and found that the language of the indictment, i.e., "the defendant attempted to cause physical injury to L.J. by means of a deadly weapon," directly tracked the language of Mo. Rev. Stat. § 565.050(2) (a person commits second-degree assault if he attempts to cause or knowingly causes physical injury to another by means of deadly weapon or dangerous instrument), and thus qualified as a violent felony under the ACCA. See United States v. Alexander, 809 F.3d 1029, 1031-32 (8th Cir. 2016) (reviewing de novo the district court's determination that prior convictions were predicate offenses under the ACCA; concluding that, where the language of the charging instrument tracked the language of § 565.060(2), the defendant was convicted of committing second-degree assault by knowingly attempting to cause physical injury to another by means of dangerous instrument, and conviction under § 565.060(2) constituted violent felony); United States v. Vinton, 631 F.3d 476, 485-86 (8th Cir. 2011) (using the modified categorical approach by looking at the charging instrument to ascertain which subsection of § 565.060 was the basis of the defendant's conviction; concluding that the charging instrument precisely tracked the language of § 565.060(2), and that the conviction under § 565.060(2) fell within the use-of-force clause).

Accordingly, we affirm.

_____