Vacated by Supreme Court, March 1, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1228**

---

WILSON JOHN MACHADO; JOREMA CABRERA ARELLANO,

Petitioners,

v.

MICHAEL B. MUKASEY, Attorney General,

Respondent.

---

**No. 07-1998**

---

WILSON JOHN MACHADO; JOREMA CABRERA ARELLANO,

Petitioners,

v.

MICHAEL B. MUKASEY, Attorney General,

Respondent.

---

On Petitions for Review of Orders of the Board of Immigration Appeals.

---

Submitted:  August 13, 2008      Decided:  September 12, 2008

---

Before WILKINSON, KING, and GREGORY, Circuit Judges.

_____

Petitions denied by unpublished per curiam opinion.

_____

Christine Lockhart Poarch, THE POARCH LAW FIRM, PC, Salem, Virginia, for Petitioners.  Jeffrey S. Bucholtz, Acting Assistant Attorney General, Stephen J. Flynn, Senior Litigation Counsel, Annette M. Wietecha, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Wilson John Machado and his wife, Jorema Cabrera Arellano, petition for review of two separate orders of the Board of Immigration Appeals ("Board"): (1) dismissing their appeal from the immigration judge's denial of their requests for asylum, withholding of removal, and protection under the Convention Against Torture; and (2) denying their motion to reopen. Machado is the primary applicant for asylum; the claims of his wife are derivative of his application. See 8 U.S.C. § 1158(b)(3) (2006); 8 C.F.R. § 1208.21(a) (2008).

In Case No. 07-1228, the Petitioners first challenge the determination that Machado failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that the Petitioners fail to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that they seek.

Additionally, we uphold the denial of Machado's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is

3

ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Machado failed to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Machado failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2008). We find that Machado failed to make the requisite showing before the immigration court. We further find that the immigration judge did not err in analyzing Machado's claim as required in our decision in Camara. See Camara, 378 F.3d at 371-72. Accordingly, we deny the petition for review in Case No. 07-1228.

In Case No. 07-1998, the Petitioners contend that the Board abused its discretion in denying their motion to reopen. The Petitioners based their motion on the contention that they received ineffective assistance of counsel. In light of our recent holding in Afanwi v. Mukasey, 526 F.3d 788, 796-99 (4th Cir. 2008), in which we held that there is no constitutional right under the Fifth Amendment to effective assistance of counsel in removal proceedings, we deny the petition for review.

4

Accordingly, we deny both petitions for review as set forth above.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITIONS DENIED</u>