Cite as: 559 U. S. ____ (2010)          1

# SUPREME COURT OF THE UNITED STATES

## WILSON JOHN MACHADO AND JOREMA CABRERA ARELLANO *v.* ERIC H. HOLDER, JR., ATTORNEY GENERAL

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 08–7721.   Decided March 1, 2010

The motion of petitioners for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Fourth Circuit for further consideration in light of the position asserted by the Solicitor General in her brief for the respondent filed August 26, 2009.

CHIEF JUSTICE ROBERTS, with whom JUSTICE SCALIA, JUSTICE THOMAS, and JUSTICE ALITO join, dissenting.

I dissent from the Court's decision to grant the petition, vacate the judgment, and remand the case. The Court does this in deference to the Government's suggestion that the Court of Appeals ignored petitioners' nonconstitutional claim of ineffective assistance of counsel. The Government does not, however, take the position that the judgment reached by the Court of Appeals was incorrect, and this Court has not independently examined the merits of that judgment. In such circumstances, there are insufficient grounds for vacating the judgment below. See *Nunez* v. *United States*, 554 U. S. ___, ___ (2008) (SCALIA, J., dissenting).

This disposition is especially inappropriate in this case, as petitioners do not appear to have raised—in the Court of Appeals or in their petition for certiorari—the claim that the Government asserts was ignored by the Court of Appeals. Petitioners argued below that their counsel's

poor performance deprived them of their *constitutional* right to the effective assistance of counsel. But they did not explicitly assert a right to effective assistance based on any source of law other than the Constitution. In their petition for certiorari, moreover, petitioners disclaimed any nonconstitutional basis for relief when they argued that, by denying the existence of a constitutional right to the effective assistance of counsel, the Fourth Circuit's decision "allow[s] *no recourse* for a particular alien against dishonest or corrupt immigration practitioners." Pet. for Cert. 11 (emphasis added). This sentence would make no sense if petitioners were advancing both constitutional and nonconstitutional grounds for relief on their claim.

Instead of granting, vacating, and remanding, I would deny the petition for certiorari.