# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3670

_____

United States of America,　　　　　\*

　　　　　　　　　　　　　　　　　\*

　　　　　　Appellee,　　　　　　　\*

　　　　　　　　　　　　　　　　　\*　Appeal from the United States
　　v.　　　　　　　　　　　　　　\*　District Court for the
　　　　　　　　　　　　　　　　　\*　Western District of Missouri.

James Hopkins,　　　　　　　　　　\*

　　　　　　　　　　　　　　　　　\*　　　　[UNPUBLISHED]

　　　　　　Appellant.　　　　　　　\*

_____

Submitted: May 13, 2011
Filed: July 1, 2011

_____

Before RILEY, Chief Judge, SMITH, Circuit Judge, and STROM,[1] District Judge.

_____

PER CURIAM.

A jury convicted James Hopkins of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, Hopkins contends the district court[2] erred by giving the jury an erroneous instruction on "constructive possession" and challenges the sufficiency of the evidence, arguing the government

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

failed to prove beyond a reasonable doubt Hopkins knowingly possessed ammunition. We affirm.

## I.    BACKGROUND

At trial, the district court instructed the jury in Jury Instruction No. 16 that the only element of the crime charged for the jury to decide, in light of Hopkins' stipulation of facts, was whether Hopkins knowingly possessed ammunition.  Both Hopkins and the government submitted to the district court identical, proposed instructions on the legal definitions of "actual" and "constructive possession" as set forth in the Eighth Circuit Manual of Model Jury Instructions.[3]  As the instructions on "possession" were identical to each other and to the Eighth Circuit Model, the district court adopted the parties' suggestions in Jury Instruction No. 18 and submitted it to the jury.  The instruction provided in pertinent part:

> A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.
>
> A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

The government presented evidence that the rounds of ammunition in question were recovered from a drawer in a cabinet located in Hopkins' bedroom during a legal

_____

[3]Hopkins' trial commenced June 9, 2010, and a verdict of guilty was returned on June 20, 2010.  The Eighth Circuit Manual of Model Jury Instructions (Criminal) defines "possession" in § 8.02. *See* Eighth Circuit Manual of Model Jury Instructions (Criminal) § 8.02 (2011).  The language of § 8.02 has appeared in the Eighth Circuit Manual of Model Instructions since at least 2007.  *See* Eighth Circuit Manual of Model Jury Instructions (Criminal) § 8.02 (2007).

-2-

search of his room.  In the same cabinet, the searching officer also discovered several venue items recently addressed to Hopkins.  Five months after the search, Hopkins agreed to waive his *Miranda* rights and speak to a reporting officer regarding the discovery of ammunition in his bedroom.  Hopkins explained that he and his live-in girlfriend obtained the ammunition from her grandfather's home while cleaning it out. When Hopkins was asked by the officer why he did not dispose of the ammunition, Hopkins replied, "[w]e didn't know how to dispose of it."  Hopkins testified at trial he was not aware the ammunition was in the cabinet until after the search of his room.

Hopkins moved for a directed verdict of acquittal both at the close of the government's case in chief and the close of the case as a whole.  The district court denied both motions.

## II.  DISCUSSION

Hopkins first contends that we should reverse his conviction because the district court committed plain error by not including the word "knowingly" in the  paragraph defining "constructive  possession" in Jury Instruction No. 18, even though such paragraph was identical to Hopkins' proposed instruction and the Eighth Circuit Model.  According to Hopkins, such omission permitted "the jury to render a verdict of guilty on less than all essential elements of the offense."

Because Hopkins failed to object to Jury Instruction No. 18 at trial pursuant to Federal Rule of Criminal Procedure 30(d), this court is limited to plain error review as defined in Federal Rule of Criminal Procedure 52(b).  "Rule 52(b) permits an appellate court to recognize [and correct] a 'plain error that affects substantial rights,' even if the claim of error was 'not brought' to the district court's 'attention.'" *United States v. Marcus*, ––– U.S. ––––, 130 S.Ct. 2159, 2164, 176 L.Ed.2d 1012 (2010) (quoting Fed. R. Civ. P. 52(b)).  An error is considered plain and affecting substantial rights when (1) it is clear or obvious, rather than subject to reasonable dispute; (2) it

affects the outcome of the district court proceedings; and (3) it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.* (internal quotations and citations omitted). Our evaluation of the instruction on possession in this case "must be made in the context of the entire jury charge." *United States v. Woodward*, 315 F. 3d 1000, 1004-1005 (8th Cir. 2003) (citations omitted).

The district court's usage of the Eighth Circuit Model Jury Instruction defining "possession" which does not include the word "knowingly" in the paragraph on "constructive possession" did not constitute plain error. In reviewing the jury charge as a whole, we find the jury was adequately informed of the necessity of finding Hopkins knowingly possessed ammunition in Instruction No. 16 in order to find him guilty of the crime charged.

Hopkins next challenges the sufficiency of the evidence, arguing the government failed to prove beyond a reasonable doubt Hopkins knowingly possessed ammunition. "We review challenges to the sufficiency of evidence de novo." *United States v. Brown*, 634 F.3d 435, 438 (8th Cir. 2011) (citation omitted). "We will 'reverse[] only if no reasonable jury could have found the defendant guilty.'" *Id.* (quoting *United States v. Clay*, 618 F.3d 946, 950 (8th Cir. 2010), *cert. denied*, —— U.S. ——, 131 S. Ct. 1540, 179 L.Ed.2d 309 (2011)). "We must sustain a conviction when the evidence, viewed in a light most favorable to the government, substantially supports the verdict." *Id.* at 439.

Hopkins argues he did not know that the ammunition was being stored in a cabinet located in his bedroom prior to the search of his room, and consequently, he should have been acquitted. We disagree.

When the evidence is viewed in a light most favorable to the government, a reasonable jury could find Hopkins knowingly possessed ammunition. Hopkins had dominion over the room where the ammunition was located. The cabinet within

Hopkins' room containing the ammunition also contained several venue items recently addressed to Hopkins. In light of these facts and Hopkins' explanation to the reporting officer as to why he failed to dispose of the ammunition, the evidence presented at trial established Hopkins had at least joint control of the cabinet where the ammunition was located and was aware prior to the search of his bedroom that the ammunition had been transported to his home in the aftermath of the death of his live-in girlfriend's grandfather.

## III.  CONCLUSION

For the reasons stated, we affirm the judgment of the district court.

_____