# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1912
_____

United States of America

*Plaintiff - Appellee*

v.

Edgar Keaton Martin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: November 12, 2012
Filed: November 26, 2012
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.

_____

PER CURIAM.

Edgar Keaton Martin appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Martin argues that the evidence was

insufficient to support the conviction and that the district court[1] erred by instructing the jury on constructive possession. We affirm.

## I.

In May 2008, Jana Pinkston, Martin's probation officer, received a report that Martin had weapons on his property. During a home visit and search of Martin's home, Pinkston and several law enforcement officers from the Van Buren County Sheriff's Office located ammunition in Martin's kitchen and in a downstairs air vent, multiple rifles and a handgun in an upstairs air vent, and multiple rifles and a shotgun in a hidden compartment underneath the stairwell. The officers also located a handwritten note that, in addition to describing several of the guns found within the house, contained a description of a mini 14 rifle.

After learning that the officers had found the weapons in the upstairs air vent, Martin told the officer who sat with him during the search that "they found them." When the officer asked Martin whether they would find anything in the downstairs air vent, Martin indicated that they would find weapons and ammunition, adding, "What can I say? I like guns."

At trial, the jury heard testimony from Mickey Ratcliff and Richard Norwood, Martin's neighbors. Ratcliff testified that in April 2008, while on the road near Martin's house, Ratcliff saw Martin with a rifle in his hand. Norwood testified that Martin's nephew had taken certain weapons from Martin's uncle and brought them to Martin's house. Norwood testified further that he had warned Martin against having the weapons at his house and that Martin's response was that his nephew "was bored and was using them."

---

[1]The Honorable J. Leon Holmes, then Chief Judge, United States District Court for the Eastern District of Arkansas.

The jury also heard testimony from Shannon Applegate, Martin's former girlfriend. Applegate testified that in April 2008 she received a package from Martin containing, among other things, a pistol and a mini 14 rifle with a silver folding stock that Applegate recognized from living with Martin. Applegate testified that the mini 14 rifle in the package had the same characteristics as the mini 14 rifle described in the handwritten note taken from Martin's house.

Martin objected to the district court's inclusion of the constructive possession portion of Instruction No. 10, which mirrored Eighth Circuit Model Criminal Jury Instruction 8.02, and provided:

> The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.
>
> A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.
>
> A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.
>
> If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.
>
> Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

Martin argued that constructive possession was not an issue in the case and that including it in the instruction would confuse the jury. The district court overruled the objection and gave the instruction.

II.

Martin argues that the evidence was insufficient to support a finding that he knowingly possessed a firearm. "We consider challenges to the sufficiency of the evidence to support a conviction *de novo* but consider the evidence presented in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Mann, 685 F.3d 714, 721 (8th Cir. 2012) (internal quotation marks and citations omitted). We reverse "only if no reasonable jury could have found guilt beyond a reasonable doubt." United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012).

To convict Martin under § 922(g)(1), the government was required to prove beyond a reasonable doubt (1) that Martin had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) that Martin knowingly possessed a firearm; and (3) that the firearm had been in or affected interstate commerce. United States v. Tucker, 689 F.3d 914, 918 (8th Cir. 2012). The only element in dispute is whether Martin knowingly possessed a firearm.

Based upon the summary of the evidence recounted above, we conclude that the evidence was sufficient to support the jury's finding that Martin knowingly possessed a firearm.

III.

Martin argues that the district court erred by giving the constructive possession portion of Instruction No. 10 because there was no evidence to support that portion of the instruction. "We review the inclusion of a jury instruction for an abuse of discretion, and, to determine whether evidence is sufficient to justify an instruction, we review the evidence and any reasonable inference from that evidence in the light most favorable to the government." United States v. Reaves, 649 F.3d 862, 867-68

(8th Cir. 2011) (internal quotation marks and citations omitted). Under this standard, the evidence in the record was sufficient to submit the constructive possession portion of Instruction No. 10 to the jury.

Martin argues also that the constructive possession portion of Instruction No. 10 misstated the law. Because Martin did not raise this argument below, we review for plain error. See United States v. Rush-Richardson, 574 F.3d 906, 910 (8th Cir. 2009). Relying on United States v. Dooley, 580 F.3d 682 (8th Cir. 2009), Martin contends that the constructive possession portion of Instruction No. 10 permitted the jury to convict him of constructively possessing a firearm without his having knowledge that a firearm was in his house. In Dooley, the district court modified Eighth Circuit Model Criminal Jury Instruction 8.02 to provide that the defendant was in constructive possession of a firearm by virtue of being in control of the vehicle in which the firearm was found. Id. at 686. Instruction No. 10 contained no such modification, and the jury instructions as a whole adequately informed the jury that Martin had to know that the firearms were in his house to constructively possess them. Accordingly, the district court did not plainly err by giving Instruction No. 10. See United States v. Hopkins, 428 F. App'x 658, 660 (8th Cir. 2011) (per curiam) (district court did not plainly err by giving Eighth Circuit Model Criminal Jury Instruction 8.02 when jury instructions as a whole adequately informed jury of the necessity of finding that the defendant knowingly possessed ammunition). In any event, Martin's statement to the officers that they would find weapons and ammunition in the vent in the downstairs area, coupled with his statement, "What can I say? I like guns," rendered harmless any alleged deficiency in Instruction No. 10.

IV.

The judgment is affirmed.

_____