# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2415

_____

United States of America

*Plaintiff - Appellee*

v.

James Dwayne Myers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: February 16, 2018
Filed: July 23, 2018

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge.

James D. Myers pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him as an armed

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

career criminal to 188 months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The Armed Career Criminal Act (ACCA) enhances sentences for those who possess firearms after three convictions for a "violent felony or a serious drug offense." **18 U.S.C. § 924(e)(1)**. The district court sentenced Myers as an armed career criminal based on one prior serious drug conviction and two prior violent felonies under Arkansas law—first-degree terroristic threatening and second-degree battery. Myers appeals, arguing neither one is a violent felony. This court reviews de novo the determination that a conviction is a violent felony under the ACCA. *See United States v. Keith*, 638 F.3d 851, 852 (8th Cir. 2011).

I.

Myers maintains his Arkansas first-degree terroristic threatening conviction is not a violent felony under the ACCA. The parties agree Myers was convicted under Arkansas Code Annotated § 5-13-301(a)(1)(A). At the time of his conviction, it said:

> (a)(1) A person commits the offense of terroristic threatening in the first degree if:
>
> > (A) With the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person; or
>
> . . . .

**Ark. Code Ann. § 5-13-301(a)(1)(A)** (1995). Myers argues this section is "overbroad" because it "criminalizes the making of threats to cause 'substantial property damage' in addition to threats 'to cause death or serious physical injury,'" and "does not . . . necessarily involve an element of physical force against the *person* of another."

-2-

A violent felony under the ACCA is "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another." **18 U.S.C. § 924(e)(2)(B)**. To determine whether a prior conviction is a violent felony, courts apply a categorical approach, comparing "the elements of the crime of conviction . . . with the elements of the generic crime." ***Descamps v. United States***, 570 U.S. 254, 257 (2013). If the elements criminalize a broader range of conduct than the generic crime, the conviction is not a violent felony. ***Id.*** ("The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense."). However, "[i]f the statute of conviction defines more than one crime by listing alternative elements," this court applies the "modified categorical approach, to determine which of the alternatives was the offense of conviction." ***United States v. Winston***, 845 F.3d 876, 877 (8th Cir. 2017) (internal quotation marks omitted).

The parties disagree whether the categorical or modified categorical approach applies. This depends on whether A.C.A. § 5-13-301(a)(1)(A) lists alternative elements or means and is, therefore, divisible or indivisible. *See* ***Mathis v. United States***, 136 S. Ct. 2243, 2248 (2016) ("Distinguishing between elements and facts is therefore central to ACCA's operation."). "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" ***Id.***, *quoting* **Black's Law Dictionary** 634 (10th ed. 2014). "At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant; and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." ***Id.*** (internal citation omitted). Means are "[h]ow a given defendant actually perpetrated the crime." ***Id.*** at 2251. They "need neither be found by a jury nor admitted by a defendant." ***Id.*** at 2248.

## A.

In *United States v. Boaz*, this court held § 5-13-301(a)(1)(A) defines separate elements, is divisible, and requires the modified categorical approach. ***Boaz***, 558

F.3d 800, 807 (8th Cir. 2009) ("The underlying state statute defines two separate offenses: threats of death or serious bodily injury and threats to property."). *See Walker v. State*, 389 S.W.3d 10, 15 (Ark. App. 2012) ("As charged and instructed to the jury, the offense of first-degree terroristic threatening required the *elements* of threatening to cause the death of the victim and the purpose of terrorizing the victim, *elements* that are not necessary to prove aggravated robbery.") (emphasis added). Although *Boaz* was decided before *Mathis*, "the Supreme Court's decision in *Mathis* . . . did not address the ACCA's force clause," and, therefore, does not require reconsideration of the otherwise controlling *Boaz* decision. *See United States v. Lamb*, 847 F.3d 928, 930 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 1438 (2018). Under the modified categorical approach then, this court "looks to a limited class of documents [from the record of conviction] to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249. The court can then determine if that conviction is a crime of violence. *See id.*

B.

Even if this court undertook a *Mathis* analysis, the same result would apply. *Mathis* held that in determining whether a statute lists elements or means, courts look to a number of sources. *Id.* at 2256-57. "[T]he statute on its face" or state court decisions interpreting it "may resolve the issue." *Id.* at 2256. A court also can look to "a state's model jury instructions to 'reinforce'" its interpretation. *United States v. McMillan*, 863 F.3d 1053, 1057 (8th Cir. 2017), *citing Lamb*, 847 F.3d at 932. *See Mathis*, 136 S. Ct. at 2257. If none of these provides "clear answers," the court may "peek" at the records of conviction. *Mathis*, 136 S. Ct. at 2256.

The text of the Arkansas statute "'does not provide helpful guidance'" on "whether the phrase 'person or property' lists alternative means or alternative elements because 'there is, for example, a uniform punishment for commission of'" first-degree terroristic threatening. *See McMillan*, 863 F.3d at 1057, *quoting United States v. McArthur*, 850 F.3d 925, 938 (8th Cir. 2017). The fact that the word "or"

separates "serious physical injury" from "substantial property damage" is not determinative: "As *Mathis* recognizes . . . the use of the word 'or' in a statute merely signals that we must determine whether the alternatives are elements or means." ***Id.*** at 1058, *citing* ***Mathis***, 136 S. Ct. at 2248-49.

Arkansas case law is similarly unhelpful. In *Adams v. State*, the Arkansas Court of Appeals said that "the State bore the burden to prove that appellant acted with the purpose of terrorizing Karen and threatened to cause death or serious physical injury or substantial property damage to Karen. . . . What is prohibited is the communication of a threat with the purpose of terrorizing another person." ***Adams***, 435 S.W.3d 520, 523-24 (Ark. App. 2014). Myers argues this statement shows the statute has two indivisible elements: (1) the purpose of terrorizing; and (2) threatening to cause death or serious physical injury or property damage. But, in *Mason v. State*, the Arkansas Supreme Court held that the elements of the statute were satisfied where a defendant threatened to cause death or serious physical injury to another person, without any proof of a threat to substantial property damage. ***Mason***, 206 S.W.3d 869, 873-74 (Ark. 2005). This suggests the state must establish, as an element of the offense, that the defendant *either* threatened to cause death or serious physical injury *or* threatened to cause substantial property damage to another person. *See* ***Ta v. State***, 459 S.W.3d 325, 328 (Ark. App. 2015) (omitting the element of substantial property damage and stating that "[a] person commits the offense of first-degree terroristic threatening if, with the purpose of terrorizing another person, he threatens to cause death or serious physical injury to another person"); ***Knight v. State***, 758 S.W.2d 12, 14 (Ark. App. 1988) ("Under our statute it is an element of the offense that the defendant act with the purpose of terrorizing another person, i.e., it must be his 'conscious object' to cause fright.").

The Arkansas jury instructions also are ambiguous. The jury instructions say:

_____ (Defendant(s)) [is] [are] **charged with the offense of terroristic threatening in the first degree. To sustain**

**this charge the State must prove beyond a reasonable doubt that**
**_____ (defendant(s)), with the purpose of**
**terrorizing _____ (another person):**

**[**threatened to cause (death to) (or) (serious physical injury to) (or)
(substantial damage to the property of) _____
(another person);**]**

[or]

**[**threatened to cause (physical injury) (property damage) to a (teacher)
(_____) other school employee) acting in the
line of duty.**]**

**AMI Crim. 2d 1310** (emphasis in original).  Each parenthetical word or phrase may be included or excluded based on the evidence.  *See **Anderson v. State**,* 108 S.W.3d 592, 607 (Ark. 2003) (noting that a parenthetical in the criminal jury instructions indicates its inclusion is optional).

Myers argues the instruction could direct the jury to determine whether a defendant "threatened to cause death to or serious physical injury to or substantial damage to the property of another person."  If so instructed, the jury apparently would not have to agree unanimously on whether the defendant made threats to injure a person or damage property.  According to Myers, this suggests the statute lists alterative means of committing one element of the crime.  On the other hand, the instruction could direct the jury to determine whether a defendant "threatened to cause death to or serious physical injury to another person."  Stated this way, the jury instruction would set out the alternates disjunctively, allowing the court to choose which is applicable.  This suggests the alternates are elements, not means.  *See **Lamb**,* 847 F.3d at 932 ("referencing one alternative term to the exclusion of all others" demonstrates "that the statute contains a list of elements, each one of which goes toward a separate crime"), *quoting **Mathis**,* 136 S. Ct. at 2257.

Because under the *Mathis* analysis, Arkansas state law fails to provide "clear answers" on whether the categorical or modified categorical approach applies, this court may look to "the record of a prior conviction itself." **Mathis**, 136 S. Ct. at 2256. *Cf.* **United States v. Naylor**, 887 F.3d 397, 406 (8th Cir. 2018) (en banc) (holding that "Missouri law provides a clear answer" to the elements/means inquiry and the court "need not resort to taking a 'peek at the record documents'"), *quoting* **Mathis**, 136 S. Ct. at 2256. Thus, under either the modified categorical approach (as *Boaz* directs this court to apply) or the *Mathis* analysis (which Myers argues applies), this court must look to the record of conviction to determine whether Myers' conviction for terroristic threatening is a crime of violence.

C.

A review of permissible materials shows Myers was convicted of threatening to kill his girlfriend. The "Felony Information" charges:

> with the purpose of terrorizing another person, he threatened to cause death or serious physical injury or substantial property damage to another person, in violation of ACA § 5-13-301, **to-wit**: The Defendant threatened to kill his girlfriend while holding a knife to her throat, against the peace and dignity of the State of Arkansas.[2]

---

[2]In *Nance v. State*, the Arkansas Supreme Court said: "'[W]here but one offense is charged but the several modes provided by the statute by which it may be committed are charged in the disjunctive, the indictment is good. The reason is that the charge is based upon one offense, and the different modes of committing it provided in the statute are based upon the same transaction.'" *Nance*, 918 S.W.2d 114, 123 (Ark. 1996), *quoting* **Kirkpatrick v. State**, 9 S.W.2d 574, 575 (Ark. 1928). This statement does not change the conclusion here. First, the court was discussing the capital murder, not terroristic threatening, statute. Second, this is not a case where "several modes provided in the statute . . . are charged in the disjunctive."

The "Sentencing Order" confirms that Myers was convicted of threatening his girlfriend. This conviction is a violent felony under § 924(e) because it "has as an element the . . . threatened use of physical force against the person of another." **18 U.S.C. § 924(e)(2)(B)(i)**. *See Boaz*, 558 F.3d at 807. *See also United States. v. Rice*, 813 F.3d 704, 705 (8th Cir. 2016) ("Since the violation 'has as an element the use, attempted use, or threatened use of physical force against the person of another,' U.S.S.G. § 4B1.2, we conclude that it was a crime of violence."). The district court properly counted Myers' first-degree terroristic threatening conviction as a violent felony.

## II.

Myers also argues his Arkansas second-degree battery conviction is not a violent felony under the ACCA. The parties agree Myers was convicted under subsection (a)(1). At the time of his conviction, Arkansas Code Annotated § 5-13-202(a) said:

> (a)  A person commits battery in the second degree if:
>
> > (1)  With the purpose of causing physical injury to another person, the person causes serious physical injury to any person;
> >
> > (2)  With the purpose of causing physical injury to another person, the person causes physical injury to any person by means of a deadly weapon other than a firearm;
>
> . . . .

**Ark. Code Ann. § 5-13-202(a)** (2007). Post *Mathis*, this court held that "the Arkansas second degree battery statute is divisible," and the modified categorical approach applies. *Rice*, 813 F.3d at 705. Post *Mathis*, this court also held that a conviction under subsection (a)(2)—identical to subsection (a)(1) except requiring

use of "a deadly weapon other than a firearm"—is a violent felony under the ACCA. *See **Winston***, 845 F.3d at 878.

Myers argues *Winston* is distinguishable because subsection (a)(2) requires the use of a deadly weapon. However, *Winston* did not hold that a conviction under subsection (a)(2) was a violent felony because it required the use of a deadly weapon. Rather, it held that the statute required a showing of physical injury, which is equivalent to physical force. ***Id.*** Because subsection (a)(1), like subsection (a)(2), "has as an element the use, attempted use, or threatened use of physical force" against another person, 18 U.S.C. § 924(e)(2)(B)(i), it is a violent felony under the ACCA. *See **id.*** The district court properly counted Myers' second-degree battery conviction as a violent felony.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____