# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2232

_____

Edgar Keaton Martin

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 12, 2018
Filed: September 14, 2018

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

A jury convicted Edgar Martin of being a felon in possession of a firearm. The district court[1] concluded he had at least three prior violent felony convictions and sentenced him under the Armed Career Criminal Act (ACCA) to 188 months

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

imprisonment. See 18 U.S.C. § 924(e). We affirmed his conviction and sentence, United States v. Martin, 493 F. App'x 814 (8th Cir. 2012), and the district court denied his 28 U.S.C. § 2255 motion for post-conviction relief, United States v. Martin, No. 4:09CR00133 JLH, 2014 WL 2946262 (E.D. Ark. June 27, 2014). In 2015, the Supreme Court struck down the ACCA's "residual clause" as unconstitutionally vague in Johnson v. United States, 135 S. Ct. 2551, 2557 (2015), a decision the Supreme Court applied retroactively to cases on collateral review in Welch v. United States, 136 S. Ct. 1257, 1265 (2016). We granted Martin's petition for permission to file a successive § 2255 motion alleging that his prior felony convictions were unlawfully determined to be violent felonies under the residual clause. Martin v. United States, No. 16-2296 (8th Cir. July 8, 2016); see § 2255(h).

In the district court, Martin moved to vacate his sentence, arguing he lacked the three prior violent felony convictions required to trigger ACCA sentencing because his two Arkansas convictions for first-degree terroristic threatening were not violent felonies. This new argument does not warrant successive § 2255 relief under Johnson because Martin's terroristic threatening convictions were classified as violent felonies under the ACCA's "force clause," 18 U.S.C. § 924(e)(2)(B)(i), not the residual clause in § 924(e)(2)(B)(ii) that was invalidated in Johnson. See Welch, 136 S. Ct. at 1268. Moreover, in United States v. Boaz, 558 F.3d 800, 807 (8th Cir. 2009) ("Boaz I"), we held that the Arkansas terroristic threatening statute was properly classified as a violent felony under the force clause because "review of permissible materials shows Boaz pleaded guilty to threatening to kill a woman." However, Martin argues, the Supreme Court's recent decisions in Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016), established that his terroristic threatening convictions were improperly classified as violent felonies under the force clause because each subsection of the first-degree terroristic threatening statute, Ark. Code Ann. § 5-13-301(a)(1), is overbroad and indivisible. The district court rejected this argument on the merits but granted Martin a certificate of appealability. Reviewing these issues *de novo*, we affirm.

We begin with a summary of the established judicial formula for determining whether a prior conviction qualifies as a "violent felony" under the ACCA:

> [C]ourts use a categorical approach that looks to the fact of conviction and the statutory elements of the prior offense. In cases where a statute describes alternate ways of committing a crime -- only some of which satisfy the definition of a violent felony -- courts may use a modified categorical approach and examine a limited set of documents to determine whether a defendant was necessarily convicted of a violent felony. These materials include charging documents, jury instructions, plea agreements, transcripts of plea colloquies, or "some comparable judicial record."

United States v. Headbird, 813 F.3d 1092, 1095-96 (8th Cir. 2016) (citations omitted). In determining if a conviction was a violent felony under the ACCA's force clause, we examine whether "the conviction, based on the elements of the offense, necessarily involved the 'use, attempted use, or threatened use of physical force against the person of another.'" Boaz v. United States, 884 F.3d 808, 809 (8th Cir.), quoting 18 U.S.C. § 924(e)(2)(B)(i), cert. denied, 138 S. Ct. 2695 (2018). If there is a "'realistic probability' . . . that the statute encompasses conduct that does not involve use or threatened use of violent force," the statute "sweeps more broadly" than the ACCA's definition of violent felony. United States v. Swopes, 886 F.3d 668, 670-71 (8th Cir. 2018) (en banc).

The Arkansas terroristic threatening statute provides, in relevant part: "A person commits the offense of terroristic threatening in the first degree if: (A) With the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person . . . ." Ark. Code Ann. § 5-13-301(a)(1)(A). In Boaz I, we applied the modified categorical approach to this statute because it "defines two separate offenses: threats of death or serious bodily injury and threats to property." 558 F.3d at 807.

In Descamps, the Supreme Court noted that it had applied the modified categorical approach only if a state statute was "divisible," that is, a statute that "sets out one or more elements of the offense in the alternative." 570 U.S. at 257. In Mathis, resolving a circuit conflict, the Court held that the modified categorical approach may not be applied if a statute, instead of defining multiple crimes by listing elements in the alternative, merely "lists alternative means of fulfilling one (or more)" elements. 136 S. Ct. at 2253. Martin argues that each subsection of § 5-13-301(a)(1) is both indivisible (precluding use of the modified categorical approach) and overbroad (because it criminalizes threats of physical injury *or property damage* to another person). Therefore, he argues, an Arkansas first-degree terroristic threatening conviction is not a violent felony under the ACCA's force clause.

In preparing for oral argument, we discovered that this same argument had been submitted two months earlier to another panel in United States v. Myers, No. 17-2415, a case arising on direct appeal rather than by a successive § 2255 motion. To conserve resources and avoid possible inconsistent panel rulings that would require en banc attention, we had this case submitted without argument and awaited the other panel's decision. In United States v. Myers, 896 F.3d 866 (8th Cir. 2018), we concluded that (i) Mathis did not address the ACCA's force clause and therefore does not require reconsideration of the otherwise controlling decision in Boaz I that § 5-13-301(a)(1)(A) "is divisible, and requires the modified categorical approach," id. at 869; (ii) even if the Mathis analysis applies, "this court must look to the record of conviction to determine whether Myers' conviction for terroristic threatening is a crime of violence," id. at 871; and (iii) the state court Sentencing Order confirmed that Myers was convicted of a violent felony under the force clause for "threaten[ing] to kill his girlfriend," id. On August 29, we denied his petition for rehearing en banc.

Our decision in Myers that § 5-13-301(a)(1)(A), the Arkansas first-degree terroristic threatening statute, "is divisible, and requires the modified categorical approach," is controlling on our panel. Here, as in Myers, state court documents that

-4-

may be examined using the modified categorical approach establish that Martin was twice convicted of the ACCA violent felony of threatening to use physical force against another *person*. In one case, the Felony Information charged that Martin "threatened to cause physical injury to Officer Kevin Brown." In the other case, the Felony Information charged that Martin "threatened to kill [the victim] if she tried to leave him during the time he held her captive." Thus, on this record, Myers and Boaz I establish that Martin was properly sentenced under the ACCA.

Alternatively, we conclude that Martin is not eligible for successive § 2255 relief. The recent Supreme Court decisions on which he relies -- Descamps and Mathis – did not announce "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). First, these decisions are simply the Supreme Court's latest interpretations of the categorical approach the Court has long applied in deciding whether a prior conviction is an ACCA violent felony. See Mathis, 136 S. Ct. at 2257 ("For more than 25 years, we have repeatedly made clear that application of the ACCA involves, and involves only, comparing elements."); Descamps, 570 U.S. at 260 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); Headbird, 813 F.3d at 1096. Second, the Supreme Court has not declared either Descamps or Mathis retroactive, as Johnson was declared retroactive in Welch. Indeed, in Welch the Court noted that, on remand, the court of appeals might decide that "Welch's strong-arm robbery conviction qualifies as a violent felony under the [force] clause of the Act, *which would make Welch eligible for a 15-year sentence regardless of Johnson*." 136 S. Ct. at 1268 (emphasis added).

For these reasons, we affirm the Order of the district court dated May 16, 2017.

_____