Cite as: 587 U. S. \_\_\_\_ (2019)        1

# SUPREME COURT OF THE UNITED STATES

## JAMES MYERS *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 18–6859.   Decided May 13, 2019

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Eighth Circuit for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on March 21, 2019.

CHIEF JUSTICE ROBERTS, with whom JUSTICE THOMAS, JUSTICE ALITO, and JUSTICE KAVANAUGH join, dissenting.

I dissent from the Court's decision to grant the petition, vacate the judgment, and remand the case. Nothing has changed since the Eighth Circuit held that Myers's conviction for first-degree terroristic threatening qualifies as a "violent felony" under the Armed Career Criminal Act, 18 U. S. C. §924(e). The Government continues to believe that classification is correct, for the same reasons that it gave to the Eighth Circuit. But the Solicitor General asks us to send the case back, and this Court obliges, because he believes the Eighth Circuit made some mistakes in its legal analysis, even if it ultimately reached the right result. He wants the hard-working judges of the Eighth Circuit to take a "fresh" look at the case, so that they may "consider the substantial body of Arkansas case law supporting the conclusion that the statute's death-or-serious injury language sets forth an element of the crime," and then re-enter the same judgment the Court vacates today. Brief for United States 9, 11.

I see no basis for this disposition in these circumstances.

See *Machado* v. *Holder*, 559 U. S. 966 (2010) (ROBERTS, C. J., dissenting); *Nunez* v. *United States*, 554 U. S. 911, 912 (2008) (Scalia, J., dissenting). Unless there is some new development to consider, we should vacate the judgment of a lower federal court only after affording that court the courtesy of reviewing the case on the merits and identifying a controlling legal error. This case does not warrant our independent review. If the Government wants to ensure that the Eighth Circuit does not repeat its alleged error, it should have no difficulty presenting the matter to subsequent panels of the Eighth Circuit, employing the procedure for en banc review should it be necessary.

I would deny the petition.