# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2415

_____

United States of America

*Plaintiff - Appellee*

v.

James Dwayne Myers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: June 21, 2019
Filed: July 2, 2019

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge.

This case is on remand from the Supreme Court of the United States. ***See Myers v. United States***, 139 S. Ct. 1540 (2019). James D. Myers pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him as an armed career criminal to 188 months' imprisonment. He

---

[1] The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

appealed the ACCA designation. This court affirmed. *See United States v. Myers*, 896 F.3d 866, 872 (8th Cir. 2018). The Supreme Court vacated the judgment and remanded "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on March 21, 2019." *Myers*, 139 S. Ct. at 1540. For the following reasons, this court again affirms.[2]

The Armed Career Criminal Act (ACCA) enhances sentences for those who possess firearms after three convictions for a "violent felony or a serious drug offense." **18 U.S.C. § 924(e)(1)**. The district court sentenced Myers as an armed career criminal based on one prior serious drug conviction and two prior violent felonies under Arkansas law—first-degree terroristic threatening and second-degree battery. Myers appeals, arguing neither one is a violent felony. This court reviews de novo the determination that a conviction is a violent felony under the ACCA. *See United States v. Keith*, 638 F.3d 851, 852 (8th Cir. 2011).

I.

Myers maintains his Arkansas first-degree terroristic threatening conviction is not a violent felony under the ACCA. The parties agree Myers was convicted under Arkansas Code Annotated § 5-13-301(a)(1)(A). At the time of his conviction, it said:

(a)(1) A person commits the offense of terroristic threatening in the first degree if:

(A) With the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person; or

_____

[2]Much of this opinion is taken directly from this court's initial opinion in this case. *See Myers*, 896 F.3d at 866-871.

. . . .

**Ark. Code Ann. § 5-13-301(a)(1)(A)** (1995). Myers argues this section is "overbroad" because it "criminalizes the making of threats to cause 'substantial property damage' in addition to threats 'to cause death or serious physical injury,'" and "does not . . . necessarily involve an element of physical force against the *person* of another."

A violent felony under the ACCA includes "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another." **18 U.S.C. § 924(e)(2)(B)**. To determine whether a prior conviction is a violent felony, courts apply a categorical approach, looking to the statute of conviction to determine whether that conviction necessarily has, as an element, the use, attempted use, or threatened use of physical force against the person of another. *See **United States v. Castleman***, 572 U.S. 157, 168 (2014). "If there is a realistic probability that the statute encompasses conduct that does not involve use or threatened use of violent force, the statute sweeps more broadly than the ACCA's definition of violent felony." ***Martin v. United States***, 904 F.3d 594, 596 (8th Cir. 2018) (internal quotation marks omitted). However, "[i]f the statute of conviction defines more than one crime by listing alternative elements," this court applies the "modified categorical approach, to determine which of the alternatives was the offense of conviction." ***United States v. Winston***, 845 F.3d 876, 877 (8th Cir. 2017) (internal quotation marks omitted).

The parties disagree whether the categorical or modified categorical approach applies. This depends on whether A.C.A. § 5-13-301(a)(1)(A) lists alternative elements or means and is, therefore, divisible or indivisible. *See **Mathis v. United States***, 136 S. Ct. 2243, 2248 (2016) ("Distinguishing between elements and facts is therefore central to ACCA's operation."). "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" ***Id.***, *quoting* **Black's Law Dictionary** 634 (10th ed. 2014). "At a trial,

-3-

they are what the jury must find beyond a reasonable doubt to convict the defendant; and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." *Id.* (internal citation omitted). Means are "[h]ow a given defendant actually perpetrated the crime." *Id.* at 2251. They "need neither be found by a jury nor admitted by a defendant." *Id.* at 2248.

## A.

Determining whether a statute lists elements or means, courts may look to "authoritative sources of state law," including state court decisions interpreting the statute. *See id.* at 2256. Here, "state court decision[s] definitively answer[] the question" and this court "need only follow what [they] say." *Id.* In *Walker v. State*, for example, the court said that "[a]s charged and instructed to the jury, the offense of first-degree terroristic threatening required the elements of threatening to cause the death of the victim and the purpose of terrorizing the victim." *Walker*, 389 S.W.3d 10, 15 (Ark. App. 2012). This shows that Arkansas law treats "death or serious physical injury" and "substantial property damage" as alternative elements, with the jury instructed on one or the other. Similarly, in *Mason v. State*, the Arkansas Supreme Court held that the elements of the statute were satisfied where a defendant threatened to cause death or serious physical injury to another person, without any proof of a threat to substantial property damage. *Mason*, 206 S.W.3d 869, 873-74 (Ark. 2005). This shows that the state must establish, as an element of the offense, that the defendant *either* threatened to cause death or serious physical injury *or* threatened to cause substantial property damage to another person. *See Ta v. State*, 459 S.W.3d 325, 328 (Ark. App. 2015) (omitting the element of substantial property damage and stating that "[a] person commits the offense of first-degree terroristic threatening if, with the purpose of terrorizing another person, he threatens to cause death or serious physical injury to another person"); *Foshee v. State*, 2014 Ark. App. 315, at *2 (2014) (same); *Johnson v. State*, 25 S.W.3d 445, 450-51 (Ark. App. 2000) (same).

Because A.C.A. § 5-13-301(a)(1)(A) lists alternative elements, the statute is divisible, and the modified categorical approach applies. Under the modified categorical approach, this court "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249. The court then can determine if that conviction is a crime of violence. *See id.*

B.

A review of permissible materials shows Myers was convicted of threatening to kill his girlfriend. The "Felony Information" charges:

> with the purpose of terrorizing another person, he threatened to cause death or serious physical injury or substantial property damage to another person, in violation of ACA § 5-13-301, **to-wit**: The Defendant threatened to kill his girlfriend while holding a knife to her throat, against the peace and dignity of the State of Arkansas.

The "Sentencing Order" confirms that Myers was convicted of threatening his girlfriend. This conviction is a violent felony under § 924(e) because it "has as an element the . . . threatened use of physical force against the person of another." **18 U.S.C. § 924(e)(2)(B)(i)**. *See United States. v. Rice*, 813 F.3d 704, 705 (8th Cir. 2016) ("Since the violation 'has as an element the use, attempted use, or threatened use of physical force against the person of another,' U.S.S.G. § 4B1.2, we conclude that it was a crime of violence."). The district court properly counted Myers' first-degree terroristic threatening conviction as a violent felony.

-5-

II.

Myers also agues his Arkansas second-degree battery conviction is not a violent felony under the ACCA. The Supreme Court's remand in *Myers*, 139 S. Ct. at 1540, does not alter this court's prior holding that Myers' second-degree battery conviction is a violent felony. *See **Myers***, 896 F.3d at 872.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____