# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2397

_____

United States of America

*Plaintiff - Appellee*

v.

Quintin Wright

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 13, 2019
Filed: September 12, 2019
[Unpublished]

_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Quintin Wright pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court[1] sentenced him

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

as an armed career criminal to 180 months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Wright argues the district court erred in enhancing his sentence under the Armed Career Criminal Act (ACCA) because his Arkansas convictions for first-degree terroristic threatening and second-degree domestic battery are not violent felonies. This court reviews de novo whether a prior conviction is a violent felony under the ACCA. *See United States v. Myers*, 928 F.3d 763, 765 (8th Cir. 2019). As Wright concedes, this court has rejected both of these arguments.

Wright was convicted of terroristic threatening under Ark. Code Ann. § 5-13-301(a)(1)(A) for threatening to injure a person. This court had held that a conviction under this statute is a violent felony. *See Martin v. United States*, 904 F.3d 594, 596-97 (8th Cir. 2018) (holding that the Arkansas terroristic threatening statute is divisible and convictions for threats to injure people are crimes of violence). *See also Myers*, 928 F.3d at 765-67 (same). This panel cannot overrule these prior panels. *See Jackson v. Ault*, 452 F.3d 734, 736 (8th Cir. 2006).

Wright also was convicted of second-degree domestic battery under Ark. Code Ann. § 5-26-304(a)(4), which criminalizes "knowingly caus[in"g] physical injury to a family or household member he or she knows to be sixty (60) years of age or older." This court has held that Arkansas second-degree battery is a violent felony. *See United States v. Thompson*, 721 Fed. Appx. 565, 566 (8th Cir. 2018). This court also has held that Arkansas third-degree domestic battery is divisible and is a violent felony. *See United States v. Eason*, 907 F.3d 554, 558-59 (8th Cir. 2018). Notwithstanding these decisions, Wright argues the level of violence criminalized by the Arkansas battery statutes—physical injury—does not require using or threatening to use physical force. This court has rejected that argument. *See United States v. Winston*, 845 F.3d 876, 878 (8th Cir. 2018) (holding that "it is impossible to cause bodily injury without using force 'capable of' producing that result"), *quoting United*

*States v. Castleman*, 572 U.S. 157, 174 (2104) (Scalia, J., concurring). Arkansas second-degree domestic battery is a violent felony because violation of the statute involves the use of force capable of producing physical injury. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (holding that "*violent* force" means "force capable of causing physical pain or injury to another person").

* * * * * * *

The judgment is affirmed.

_____