# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1189

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Dale Ingram, Jr., also known as Mane

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 13, 2020
Filed: February 12, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Richard Dale Ingram, Jr., pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court[1] determined his base-offense level to be 24 under U.S.S.G.

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

§ 2K2.1(a)(2), which prescribes this base-offense level for certain firearms-related crimes (such as the crime to which Ingram pleaded guilty) when the defendant has at least two prior felony convictions "of either a crime of violence or a controlled substance offense." The district court based this determination in part on Ingram's prior Arkansas conviction for first-degree terroristic threatening, which it concluded was a conviction for a "crime of violence." A four-level enhancement and a three-level reduction resulted in a total offense level of 25. Given his criminal history category VI and a statutory maximum of 10 years' imprisonment, *see* 18 U.S.C. § 924(a)(2), Ingram's advisory sentencing guidelines range was 110 to 120 months' imprisonment, *see* U.S.S.G. ch. 5, pt. A; *id.* § 5G1.1(c)(1). The district court sentenced Ingram to 110 months' imprisonment.

On appeal, Ingram argues the district court erred in two ways in treating his first-degree terroristic threatening conviction, *see* Ark. Code § 5-13-301(a)(1)(A), as a conviction for a "crime of violence" under U.S.S.G. § 2K2.1(a)(2).[2] We review *de novo* the district court's interpretation and application of the guidelines, *United States v. Garcia*, 946 F.3d 413, 417 (8th Cir. 2019), and its determination that a conviction constitutes a crime of violence, *United States v. Roman*, 917 F.3d 1043, 1045 (8th Cir. 2019).

First, Ingram argues that his terroristic threatening conviction cannot be a crime of violence because the subsection of the Arkansas statute under which he was convicted is indivisible and overbroad insofar as it criminalizes threats against property in addition to threats against persons. *See* Ark. Code § 5-13-301(a)(1)(A). A statute is indivisible if it lists only one set of elements for a single crime, even if the statute lists alternative means of satisfying those elements, whereas a statute is

---

[2]"Crime of violence" as it appears in § 2K2.1(a)(2) is defined in § 4B1.2(a), *see* U.S.S.G. § 2K2.1 Application Note 1, to mean, as relevant here, "any offense under . . . state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another," *id.* § 4B1.2(a)(1). "Physical force" means "violent force." *United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016).

divisible if it lists alternative elements creating different crimes. *United States v. Crumble*, 878 F.3d 656, 661 (8th Cir. 2018). When a statute is indivisible, we apply the "categorical approach." *Id.* Under this approach, if the state statute "criminalizes more conduct than the federal definition of a 'crime of violence,'" a conviction under that statute does not count as a conviction for a crime of violence. *United States v. Barthman*, 919 F.3d 1118, 1121 (8th Cir. 2019). Ingram thus argues that: (1) in listing "death or serious physical injury or substantial property damage," Arkansas Code section 5-13-301(a)(1)(A) merely identifies alternative means of satisfying one of the elements of the singular crime of first-degree terroristic threatening and so is indivisible; and (2) under the categorical approach, a conviction under section 5-13-301(a)(1)(A) is not a conviction for a crime of violence because the statute criminalizes more conduct than just threats against persons (the only kind of threats included within the federal definition of crime of violence).

Our recent decision in *United States v. Myers* forecloses this argument, as we held there that section 5-13-301(a)(1)(A) is divisible between threats "to cause death or serious physical injury" and threats "to cause substantial property damage." 928 F.3d 763, 766 (8th Cir. 2019), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Nov. 22, 2019) (No. 19-6720). *Myers* binds us. *See United States v. Hellems*, 866 F.3d 856, 863 n.3 (8th Cir. 2017) (noting that a panel of this court is bound by and cannot overrule an earlier decision by another panel of this court). Ingram does not dispute that he was convicted under the statute for threats to cause death or serious physical injury. Under *Myers*, this counts as a crime of violence under the modified categorical approach. *See* 928 F.3d at 766-67.

Second, Ingram argues that, even under the modified categorical approach, the divisible portion of the statute under which he was convicted is not a crime of violence because it does not require the use or threatened use of "violent force." *See United States v. Thomas*, 838 F.3d 926, 929 (8th Cir. 2016) (noting that "violent force" means "force capable of causing physical pain or injury to another person"). Once again, Ingram's argument is foreclosed by controlling precedent. In *United States v. Boaz*, we held that a conviction under section 5-13-301(a)(1)(A) for "threats

of death or serious bodily injury" constituted a conviction for a "violent felony" under the Armed Career Criminal Act ("ACCA"). 558 F.3d 800, 807 (8th Cir. 2009). This means it also counts as a conviction for a crime of violence under the sentencing guidelines. *See United States v. Parker*, 929 F.3d 940, 942 (8th Cir. 2019) (noting that "violent felony" under the ACCA and "crime of violence" under the guidelines are "interchangeable" in meaning). Even if *Boaz* did not control, Ingram's contention that "a threat of physical injury or death" under section 5-13-301(a)(1)(A) does not require the threatened use of "violent force"—because, for instance, "a person could be convicted of terroristic threatening under Arkansas law for threatening to poison another person"—fails in light of *Rice*, where we concluded that this kind of indirect force counts as "violent force" under the guidelines. 813 F.3d at 706.

In summary, the Arkansas terroristic threatening statute under which Ingram was previously convicted is divisible, and a conviction under that statute for threatening to cause death or serious physical injury counts as a crime of violence under the guidelines because such threats necessarily involve the use or threatened use of violent force. Therefore, we affirm Ingram's sentence.

_____